XRT, INCORPORATED, a Delaware Corporation, et al., Plaintiffs-Appellants,

v.

Hyman KRELLENSTEIN, Chester Krellenstein, a/k/a Chester Kay, et al., Defendants-Appellees.

No. 71-1540

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 14, 1971.

Rehearings Denied Oct. 13, 1971.

Richard E. Reckson, of Heiman & Crary, P. A., Miami, Fla., for plaintiffs-appellants.

Knight, Underwood, Peters, Hoeveler & Pickle, Richard L. Lapidus, Fine, Jacobson & Block, Irwin J. Block, Barry N. Semet, Wm. M. Hoeveler, Miami, Fla., for defendants-appellees.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal is from the grant of summary judgment in favor of defendants in a suit claiming fraud in the sale of a business. The judgment for the principal, Hyman Krellenstein, is affirmed. The judgment in favor of the certified public accountants, David Shapiro and his co-partners, doing business as David Shapiro & Company, was premature and must be reversed.

The prematurity is in the form of the failure of the district court to require production by Shapiro of the work papers which arose out of an audit claimed to be false and also claimed to have been negligently made. Plaintiffs contend that they were unable to controvert the affidavit of Shapiro in support of the motion for summary judgment without the work papers. Their position in this respect is supported by the affidavit of another certified public accountant and is, we think, well taken.

██ Our reversal as to Shapiro is in no wise to be considered as reflecting a view on the ultimate outcome of the case and likewise has no bearing on whether the Shapiro audit was material to the sale. The reversal goes only to the point that litigation is not to be short circuited by summary judgment

* ██ Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

unless it appears that there is no genuine issue for trial. The burden was on plaintiffs to set forth facts showing such an issue (Rule 56(e), F.R.Civ.P.). They were entitled to the Shapiro work papers in an effort to do so.

Affirmed in part; reversed and remanded in part for further proceedings not inconsistent herewith.