**NEIMAN–MARCUS COMPANY,**
Plaintiff-Appellee,

v.

**UNITED STATES FIRE INSURANCE
COMPANY, Defendant-Appellant.**

No. 71–2449.

United States Court of Appeals,
Fifth Circuit.

March 16, 1972.

Larry L. Gollaher, R. B. Cousins, Dallas, Tex., for defendant-appellant; Thompson, Coe, Cousins, Irons & Porter, Dallas, Tex., of counsel.

Freeman L. Mittenthal, Edward S. Koppman, Rosenfield, Mittenthal & Koppman, Dallas, Tex., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

DYER, Circuit Judge:

Neiman-Marcus brought this action against its insurer, United States Fire, to recover, under an open cargo policy, Neiman's loss of goods and merchandise arising out of a fire at a forwarder's warehouse in an Italian port. From a summary judgment in favor of Neiman-Marcus, United appeals. Finding that summary judgment was improvidently granted, we reverse.

In October of 1968, United issued its open cargo policy to Neiman to protect merchandise that it was importing on an extensive scale. In July of 1969, goods purchased in Italy by Neiman through a purchasing agent in Florence were consigned to the dockside warehouse of an Italian freight forwarder in Leghorn, Italy, there to be assembled for the required customs inspection and to await shipment to the United States by sea. The goods were destroyed by fire in the warehouse three days prior to the date of shipment.

Paragraph 37 of the policy, entitled "Declarations," contains the express condition that all shipments coming within the terms of the policy must be reported to the insurer as soon as known to the insured, and amounts declared as soon as ascertained. Failure to make such a declaration and report, unless unintentional, renders the policy null and void, if the insurer so elects. There is no provision in the clause for the time or manner of making this election.

Neiman contends that it complied with all the reporting conditions of paragraph 37, and, in the alternative,

that in the event of non-compliance, the voiding provisions of the paragraph are inoperative because United failed to make the required election to declare the policy void. United counters that Neiman failed to meet the reporting requirements of paragraph 37, and it therefore elected to declare the policy null and void. Such election is alleged in United's amended answer, filed the same day as its memorandum in opposition to the *motion for summary judgment*, and eight days prior to the entry of judgment for Neiman. United also relies upon the fact that Neiman's import operations manager testified by deposition that it was his normal practice not to report shipments "as soon as known," but to await their arrival in the United States.

Both Neiman and United press us to decide a substantial legal question in the case involving the scope of coverage of the contract under its Warehouse to Warehouse clause. We decline to reach that issue. In granting summary judgment, the trial judge must have determined that, under the provisions of paragraph 37 of the policy, either Neiman's failure to submit the required declaration under paragraph 37 was unintentional, or if not unintentional, United failed to elect, as it was required to do, to declare the policy null and void. Neither the pleadings, depositions, nor affidavits that were before the court support either of these factual conclusions. To the contrary, the testimony of Neiman's *import operations manager*, indicating his intentional failure to comply with the terms of paragraph 37, and the fact that the trial judge considered United's amended answer, which contained an election to declare the policy inoperative, would tend to support an opposite conclusion. On the other side of the coin, Neiman suggests that United knew of Neiman's practices of reporting and never objected until after the loss occurred.

Clearly there is a factual dispute concerning the actions of the parties in relation to their respective rights and duties under paragraph 37 of the policy. The resolution of this dispute is a paramount and relevant issue because if United should prevail, it would be dispositive of the case. Conversely, if Neiman should prevail on this issue the court would then have to come to grips with the Warehouse to Warehouse and other policy coverage questions.

Manifestly, in the present posture of this case summary judgment for either party is inappropriate. XRT, Inc. v. Krellenstein, 5 Cir. 1971, 448 F.2d 772; Sindermann v. Perry, 5 Cir. 1970, 430 F. 2d 939; Beech v. United States, 5 Cir. 1965, 345 F.2d 872, 874.

Reversed.