**KELEKET X-RAY CORPORATION,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15283.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 1, 1959.
Decided Jan. 28, 1960.

---

Mr. John P. Arness, Washington, D. C., with whom Messrs. Frank F. Roberson and John J. Ross, Washington, D. C., were on the brief, for appellant.

Mr. Lewis Carroll, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher and William Laverick, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, BAZELON, and BURGER, Circuit Judges.

EDGERTON, Circuit Judge.

On April 27, 1956, Gertrude Slater suffered personal injuries in the course of an X-ray examination in Freedmen's Hospital, a government institution. Two years and four days later, on May 1, 1958, she filed a complaint charging negligence against Keleket X-Ray Corporation, the present appellant, and also against the United States, the present appellee. Keleket's answer, filed February 25, 1959, included a cross-claim against the United States for contribution.

Congress has provided that "A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *." 28 U.S.C. § 2401(b). Therefore Slater's claim against the United States was filed late and the District Court duly dismissed it. But Slater's claim against Keleket was timely, because it was filed within the three-year statute of limitation applicable to suits between private parties. On this appeal the question is whether the District Court was right in dismissing Keleket's claim against the United States for contribution. Slater v. Keleket X-Ray Corp., D.C., 172 F.Supp. 715.

"The principle of contribution is fairly well settled in this jurisdiction, notwithstanding the absence of a statute. George's Radio v. Capital Transit Co.,

75 U.S.App.D.C. 187, 126 F.2d 219 * * *." D. C. Transit System, Inc. v. Slingland, 105 U.S.App.D.C. 264, 268, 266 F.2d 465, 469; certiorari denied 361 U.S. 819, 80 S.Ct. 62, 4 L.Ed.2d 64. As that case recognizes, the United States may be liable for contribution. United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523. It has been held that a tort claim against the United States for indemnity does not "accrue", within the meaning of the statute, until the party claiming indemnity has paid the injured person. Chicago, Rock Island & Pacific Ry. Co. v. United States, 7 Cir., 220 F.2d 939, 942. However that may be, we think it clear that Keleket's claim to contribution did not accrue before Keleket had been sued by Slater. Since that contingency had not occurred two years before Keleket's claim was filed, this claim was not barred by the two-year statute of limitations. "The government's contention on this point, if sustained, would mean that a suit under the Tort Claims Act could be barred before it came into existence." Chicago, Rock Island & Pacific Ry. Co. v. United States, supra, 220 F.2d at page 942.

■■ The District Court dismissed Keleket's claim against the United States because Slater's claim against the United States was barred by the statute of limitations. The court said that in the District of Columbia "the right of contribution or indemnity arises only against a joint tort-feasor who is directly liable to the injured party. If the former may not be required to pay damages to the latter, he is under no duty to pay contribution to the party held liable to the victim of the tort." Slater v. Keleket X-Ray Corp., supra, 172 F.Supp. at page 718. The court relied on Yellow Cab Co. of D. C. v. Dreslin, 86 U.S.App.D.C. 327, 181 F.2d 626, 19 A.L.R.2d 1001. We think that case may be distinguished. There the injured party could not at any time have sued the person from whom contribution was sought, because that person was the injured party's husband, and in the District of Columbia husband and wife are not "liable for tortious acts by one against the other." Cf. Drumgoole v. Virginia Electric & Power Co., D.C.E. D.Va., 170 F.Supp. 824. But in the present case, until the two-year statute had run the injured party could have sued the United States. The case is therefore analogous to Henry Fuel Co. v. Whitebread, 99 U.S.App.D.C. 9, 236 F.2d 742. There we held that an injured person who releases one joint tort-feasor from liability to him does not thereby terminate the other tort-feasor's right to contribution. Counsel for Keleket rightly conclude that the "common obligation which is essential to the right of one to contribution is the showing that the fellow tort-feasor at some time was liable with him for damage." We know of no reason why the law should let action or inaction of the injured party defeat a claim to contribution. Neither releasing one tort-feasor, as in Whitebread, nor allowing a statute of limitations to run in favor of one tort-feasor, as in this case, should be permitted to have that effect.

Reversed.