Reverend Johnstone BEECH
and
Mrs. Maryalma Beech, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 21664.

United States Court of Appeals
Fifth Circuit.

May 26, 1965.

Louis E. Marshall, San Antonio, Tex., for appellants.

Frederick B. Abramson, Sherman L. Cohn, J. F. Bishop, Attys., Dept. of Justice, Washington, D. C., William O. Murray, Jr., Asst. U. S. Atty., San Antonio, Tex., John W. Douglas, Asst. Atty. Gen.,

Ernest Morgan, U. S. Atty., for respondent.

Before BROWN and BELL, Circuit Judges, and HUNTER, District Judge.

HUNTER, District Judge.

On February 28, 1963, Reverend and Mrs. Beech instituted this action under the Federal Tort Claims Act seeking damage for the alleged negligence of hospital employees in placing and leaving an excessive amount of wax on the hospital floor and thus causing Mrs. Beech's fall and her resultant injuries. The complaint also alleged that the hospital doctors, by their neglect and fault, had failed to provide her with proper care and treatment, and hence, had aggravated her injuries.

The Government moved for summary judgment, basing its request on the grounds:

(1) That plaintiffs' claim for any injuries Mrs. Beech may have suffered as a result of the fall in June of 1960 was barred as a matter of law by the statute of limitations;

(2) That plaintiffs' claim, pegged on the alleged breach of duty charged against the doctors in connection with the care and treatment of Mrs. Beech, is barred by the misrepresentation exception;

(3) The record failed to reveal a genuine issue of fact as to the alleged negligence in treating Mrs. Beech.

This appeal is taken from the District Court's action in granting the United States' motion for summary judgment. The relevant facts are as follows:

On June 15, 1960, Mrs. Beech, age 62, had occasion to be in the Beach Pavilion of the Army's Brooke General Hospital at Fort Sam Houston, Texas. She was walking down the hallway and slipped on what she alleges was wet wax or some other slippery material, landing on her left hip and experiencing considerable pain. She proceeded to a nearby office in the hospital where she reported the accident and was examined by a doctor. X-rays were taken but they revealed no fracture. Mrs. Beech was given medicine to relieve her pain and permitted to go home. The next day, at the request of the hospital doctors, she returned to the hospital for further examination. As a precautionary measure, it was decided to admit her to the hospital and to place her hip and leg in traction. She remained in traction for eleven days, at the end of which time more X-rays were taken. The X-rays again revealed no fracture. She was released, but cautioned that she would have pain for a time, but it ceased after two or three months. In September of 1961, pain in the area of her left hip returned. She mentioned the pain to the doctors at the hospital out-patient clinic during her periodic visits there for other complaints. Her pain, and with it her complaints, grew, however, and in the Spring of 1962 the doctors at the hospital decided to refer her to the Orthopedics section for examinations and X-rays. Mrs. Beech claims that after such examinations and X-rays, she was told that she was suffering from an aseptic necrosis of the head of the left femur. A walking stick was prescribed and she was advised that there was nothing which could be done to improve her condition.

The complaint as amended sets forth two causes of action. One is based on the alleged negligence of the employees in allowing the foreign material to remain on the floor. The other is pegged on the alleged failure of the doctors to provide proper care. As to the first cause of action the claim is clearly barred by the applicable statute of limitations. This circuit has held, in accord with the majority of the federal courts, that the accrual of the cause of action is governed by federal and not state law.[1] Kossick v. United States, (2 Cir., 1964), 330 F.2d 933; Quinton v. United States, (5 Cir., 1962), 304 F.2d 234. 28 U.S.C.A. § 2401 (b) provides in part:

"A tort claim against the United States shall be forever barred unless

---

[1] This view has been developed at more length in this Court's opinion in Quinton v. United States, 5 Cir., 304 F.2d 234.

action is begun within two years after such claim accrues."

The only question remaining is: When did the appellants' cause of action accrue? The date of the fall—June 15, 1960—is the critical date. Where the trauma coincides with the negligent act and some damage is discernible at the time, the two-year statute of limitations begins to run, even though the ultimate damage is unknown or unpredictable. Tinkoff v. United States, (7 Cir.), 211 F.2d 890; Keleket X-ray Corporation v. United States, (1960), 107 U.S.App.D.C. 138, 275 F.2d 167. See also Restatement, Torts, § 899, page 525. As this Court said in the Reid case, United States v. Reid, 5 Cir., 251 F.2d 691, 694:

> "Ordinarily there is a coincidence of negligent act and the fact of some damage. Where that occurs the cause of action comes into being and the applicable statute of limitations beings to run even though the ultimate damage is unknown or unpredictable."

The fall and alleged negligent conduct occurred on June 15, 1960. This suit was not commenced until February 28, 1963—more than 2½ years later. That action is barred and to that extent the judgment of the District Court is affirmed.

■■ The second claim, based upon improper treatment, is on a different footing with regard to the statute of limitations. The diagnosis and treatment complained of continued up until just prior to the institution of these proceedings. A malpractice suit against the United States can be maintained within two years after the claimant discovered, or in the exercise of reasonable diligence should have discovered, the existence of the acts of malpractice upon which this claim is based. Quinton v. United States, (5 Cir., 1962), 304 F.2d 234; Hungerford v. United States, (9 Cir., 1962), 307 F.2d 99. The cause of action based upon the diagnosis and treatment has not prescribed.

■ In the District Court, the Government urged that the malpractice claim was barred by the misrepresentation exception.[2] Here, the Government had not only the duty to communicate to Mrs. Beech a diagnosis of her condition, but also to render proper care for her treatment. Under the allegations of the complaint there was a failure to perform this latter duty and such a failure is not covered by the 2680(h) exception. Hungerford v. United States, (9 Cir., 1962), 307 F.2d 99.

■ The Government insists that on the record it is evident that there was no neglect or negligence in the care and treatment afforded Mrs. Beech. Because this issue was determined by summary judgment, the standard of review must be stringent: the record must negate the probability that evidence calling for a contrary result might be developed at the trial. If the pleadings, affidavits, and depositions available when the motion for summary judgment must be ruled on fail to resolve any relevant issue, summary judgment is premature.[3] The alleged improper diagnosis and treatment here continued for more than a year. The case never reached the point where evidence in such particulars might have been adduced.

Since a trial is required to bring out the evidence necessary for a determination of the malpractice phase of this action, the summary judgment is reversed and the case remanded for that purpose.

2. In pertinent part, 28 U.S.C.A. 2680(h) reads:
"The provisions of this chapter and section 1346(b) of this title shall not apply to—

"(h) Any claim arising out of * * * misrepresentation, deceit, * * *."

3. Stanley v. Guy Scroggins Construction Co., (5 Cir., 1961), 297 F.2d 374.