**Harry J. COYNE, Sr., Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**No. 27212**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

June 6, 1969.

Harry J. Coyne, Sr., pro se, appellant.

Anthony J. P. Farris, U. S. Atty., William B. Butler, James R. Gough, Asst. U. S. Attys., Houston, Tex., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

This appeal is from the dismissal of a suit based on the Federal Tort Claims Act. Jurisdiction was premised on 28 U.S.C.A. §§ 1346(b), 2671–80.

The court held that it was without jurisdiction by reason of the suit not having been filed within two years after the claim accrued. 28 U.S.C.A. § 2401(b).[1] This holding rests on undisputed facts as to knowledge of the alleged medical malpractice by Navy personnel having been gained by plaintiff ten or more years before the suit was filed. In fact, plaintiff sought relief through a private bill in Congress in the year 1958 for the same alleged medical malpractice and mistreatment of his son who was a Navy seaman on active duty at the time of his death in 1952.

The various allegations as to fraud in the interim since the death of his son on the part of Navy personnel and members of Congress, including the allegations of denial of constitutional rights, do not save the suit from the bar of the statute. The testimony of appellant makes it plain that he discovered the facts upon which he bases his claim many years outside the prescriptive period.

A claim for malpractice accrues against the government when the claimant discovers, or in the exercise of reasonable diligence should have discovered the acts constituting the alleged malpractice. Beech v. United States, 5 Cir., 1965, 345 F.2d 872; Quinton v. United States, 5 Cir., 1962, 304 F.2d 234.

This suit is against the sovereign and the only exception by which a citizen is permitted to sue the United States for tort is the Federal Tort Claims Act. It follows from this that the suit was due to be dismissed for an additional reason. No cause of action lies under the Federal Tort Claims Act for medical malpractice by Navy personnel where the victim is in the military service. Feres v. United States, 1950, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152; Buckingham v. United States, 4 Cir., 1968, 394 F.2d 483.

Affirmed.

1. 28 U.S.C.A. § 2401(b) :
"A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *."