Frank R. CICCARONE

v.

UNITED STATES of America.

Civ. A. No. 43688.

United States District Court,
E. D. Pennsylvania.

March 29, 1971.

Albert Dragon, Philadelphia, Pa., for plaintiff.

Barry W. Kerchner, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

HUYETT, District Judge.

Defendant, United States of America, has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, claiming that plaintiff's action based upon the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. is barred by the applicable statute of limitations, 28 U.S.C. § 2401(b). The motion is DENIED.

Certain facts disclosed by the pleadings and affidavits of both plaintiff and defendant are undisputed.

In May, 1963, plaintiff was admitted to a hospital operated by the Veterans Administration in Coatesville, Pennsylvania for treatment of meningitis. In addition, plaintiff was given tests to determine his intelligence and memory capacity. On July 16, 1963, doctors at the Veterans Administration hospital performed a lumbar puncture on plaintiff to ascertain the cause of his meningitis. While the doctor was inserting needles in plaintiff's back to perform the procedure, plaintiff complained of severe pain in his legs, cursed the doctor, and ordered him to stop the procedure. Nonetheless, the lumbar puncture was completed. Plaintiff rested for a short period of time on the table where the procedure was performed and then sat up with his legs hanging over the edge of the table. While attempting to stand, plaintiff fell forward fracturing his nose. He also complained of a loss of feeling from the waist down.

Since July 16, 1963, plaintiff has not had normal use of his legs, bowels, urinary and sexual organs. Prior thereto plaintiff apparently had full use of such bodily functions.

Plaintiff received extensive physical therapy treatment while hospitalized following the procedure and on an out-patient basis. The physical therapy was partially successful. Plaintiff progressed from a wheelchair to crutches and, finally, was able to walk short distances with a cane and the support of another person. His recuperation continued from 1963 until 1966 at which time his condition stabilized.

Plaintiff's complaint was filed September 29, 1967, more than four years after the lumbar puncture was performed. 28 U.S.C. § 2401(b) provides that a tort claim against the United States is forever barred unless presented within two years after the claim accrues. In order to determine when a claim "accrues" within the meaning of the statute, federal law must be applied. Mendiola v. United States,

401 F.2d 695 (5 Cir. 1968); Hungerford v. United States, 307 F.2d 99 (9 Cir. 1962); Quinton v. United States, 304 F.2d 234 (5 Cir. 1962).

On numerous occasions federal courts have determined when a claim for malpractice against the United States accrued. The facts of the cases differ, however, and two distinct, but not necessarily conflicting, rules have been formulated. One line of cases holds that "[w]here the trauma coincides with the negligent act and some damage is discernible at the time, the two year statute of limitations begins to run, even though the ultimate damage is unknown or unpredictable." Beech v. United States, 345 F.2d 872, 874 (5 Cir. 1965); quoting in part from United States v. Reid, 251 F.2d 691, 694 (5 Cir. 1958). There is also a line of cases stating that a claim of malpractice against the United States accrues when the claimant discovers or, in the exercise of reasonable diligence, should have discovered the acts constituting the alleged malpractice. Coyne v. United States, 411 F.2d 987 (5 Cir. 1969); Hungerford v. United States, *supra*; Quinton v. United States, *supra*.

The Fifth Circuit formulated the narrower rule in the *Reid* case but, four years later, the Fifth Circuit in Quinton utilized the broader rule to determine when a claim accrued. Nonetheless, the Fifth Circuit held in both *Reid* and *Quinton* that the claims of the respective plaintiffs were not barred by the statute of limitations. In addition, both opinions relied upon Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949).

In *Reid,* plaintiff was a civilian employee at Fort Benning, Georgia, and entitled to medical treatment under the Civilian Employees Health Program. Plaintiff had X-rays taken in 1949 after he complained of pains in his chest and back. Although the Radiologist had indicated minimal tuberculosis, plaintiff's doctor negligently failed to advise him of this fact. This condition worsened until plaintiff sought further treatment in 1950. Not until 1950 did plaintiff discover the doctor's negligent act. In 1951, more than two years after the negligent act, a complaint was filed. In holding that plaintiff's claim was not barred by the statute of limitations the Fifth Circuit found that no damage was done at the time of the negligent act and, therefore, a claim did not "accrue" at that time.

In the *Quinton* case, appellant's wife had been given transfusions of RH Positive blood in 1956, although her correct blood type was RH Negative. It appeared to the Court that appellant and his wife did not learn of and, in the exercise of reasonable care, could not have learned of this error until 1959 during the wife's pregnancy. Subsequently, the wife gave birth to a stillborn child. A complaint was filed under the Federal Tort Claims Act in 1960. In this case, the Fifth Circuit applied the broader rule noted above and held appellant's claim did not accrue until 1959 when he discovered the alleged negligent act. The Court sharply criticized what it termed the "majority rule" that a claim accrues on the date of the negligent act as having "no significant redeeming value".

Although the Fifth Circuit has formulated two different rules, it does not appear that the difference was significant in either *Reid* or *Quinton*. It is quite likely that the Court in *Reid* could have applied the rule laid down in *Quinton* to reach the same result and vice versa.[1] The Fifth Circuit has recently cited both rules with approval, although in slightly different contexts, in Beech v. United States, *supra.*

---

1. Although *Quinton* cited *Reid* for a different proposition, *Reid* was not cited in this context. Possibly the Court in *Quinton* did not wish to determine whether a blood transfusion is sufficient to constitute "damage".

Both *Reid* and *Quinton* found support for their position in Urie v. Thompson, *supra*. In *Urie,* plaintiff filed a complaint in 1941 under the Federal Employers' Liability Act. Plaintiff averred that he had contracted silicosis as a result of the negligent manner in which his employer's locomotive engines were maintained. Defendant averred that the cause of action was barred by the three year statute of limitations. Defendant argued that plaintiff had been exposed to silica dust since 1910 and must have unwittingly contracted silicosis long before 1938. In holding for the plaintiff on this issue the Supreme Court said (at 170, 69 S.Ct. at 1025):

"We do not think the humane legislative plan intended such consequences to attach to blameless ignorance. Nor do we think those consequences can be reconciled with the traditional purposes of statutes of limitations, which conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights."

The Supreme Court went on to say that Urie was "injured" only when the effects of the silica dust manifested themselves.

In attempting to determine when plaintiff's claim "accrued" in the instant case, the rule stated in Quinton v. United States, *supra,* will be followed. A claim of malpractice against the government accrues when the claimant discovers or, in the exercise of reasonable diligence, should have discovered the allegedly negligent acts. It appears that the foregoing cases contemplated two distinct types of cases. One is illustrated by *Reid, supra,* and *Urie, supra,* where plaintiffs were unaware of a disease growing progressively worse which doctors had negligently failed to discover or reveal. Plaintiffs did not discover and, moreover, could not discover the negligent acts until many years after the date of the negligent act. The rule formulated in *Reid* also contemplated cases in which the claimant is injured at the time of the allegedly negligent act yet inadvertently fails to file a complaint within the statutory period. *Reid* is cited in Beech v. United States, *supra,* in this context.

But the instant case lies somewhere between these two possibilities. Both plaintiff and defendant agree that plaintiff's injuries occurred on July 16, 1963, at the moment when the lumbar puncture took place, but no complaint was filed until September 29, 1967. It is clear that if the rule formulated in *Reid* is applied, plaintiff's action is barred by the statute of limitations and summary judgment must be granted in favor of defendant. But the Supreme Court in *Urie* speaks in terms of blameless ignorance. In order to determine whether plaintiff failed to file a complaint within two years of the alleged negligent act as a result of inadvertence or blameless ignorance, it is necessary to look beyond the date of his paralysis. Plaintiff has averred that the doctors assured him the paralysis was temporary in nature and he would shortly regain normal use of his functions. Plaintiff also avers that he relied upon this information until 1966 when he realized his condition would no longer continue to improve. Moreover, the doctors had tested plaintiff's intelligence and memory capacity two months prior to July 16, 1963, and found that he had borderline defective intelligence and a defective memory capacity. From this, plaintiff argues that the doctors were aware of his susceptibility to suggestion and deliberately prevented him from discovering his true condition and reason for it.

The doctors at the Veterans Administration Hospital may have induced plaintiff to reasonably believe that temporary paralysis is the normal and expected aftereffect of a lumbar puncture. The determination of whether plaintiff could reasonably believe the temporary paralysis was normal and at what date plaintiff should have discovered that his paralysis was due to the alleged mal-

practice is a factual question. Consequently, the pleadings and affidavits of the parties are insufficient to determine, as a matter of law, at what date plaintiff discovered or, in the exercise of reasonable diligence, should have discovered the acts constituting the alleged malpractice.

Defendant has moved for summary judgment. In order to grant such judgment "the record must negate the probability that evidence calling for a different result might be developed at the trial. If the pleadings, affidavits, and depositions available when the motion for summary judgment must be ruled on fail to resolve any relevant issue, summary judgment is premature." Beech v. United States, *supra,* 345 F.2d at 874. Consequently, defendant's motion for summary judgment must be Denied.