Janice OLSEN, a Minor by her father and next friend, Alton Olsen; and Alton Olsen, Individually, Plaintiffs,

v.

Stephen M. JONES and James G. Jones, Defendants and Cross-Petition Plaintiffs-Appellants,

v.

AUDUBON COUNTY, Cross-Petition Defendant-Appellee.

Donald T. CHRISTENSEN, Administrator of the Estate of Alan Lee Christensen, Deceased, and Donald T. Christensen, Individually, Plaintiffs,

v.

Stephen M. JONES and James G. Jones, Defendants and Cross-Petition Plaintiffs-Appellants,

v.

AUDUBON COUNTY, Cross-Petition Defendant-Appellee.

Nos. 55568, 55569.

Supreme Court of Iowa.

July 3, 1973.

Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, Des Moines, and Taylor & Taylor, Guthrie Center, for appellants.

Smith, Peterson, Beckman, Willson & Peterson, Council Bluffs, for appellee.

LeGRAND, Justice.

This appeal involves two consolidated cases which present identical questions of law concerning the effect of section 613A.5, The Code, on actions against a county for contribution.

The litigation arises out of an automobile accident which occurred on June 29, 1969. Alan Lee Christensen was the driver of a car in which Janice Olson was a

passenger when it collided with one driven by the defendant Stephen M. Jones and owned by the defendant James G. Jones. Miss Olsen sustained serious injuries; Christensen died from his. The claims for her injuries and his death have been settled, and the plaintiffs are not parties to this appeal, which is concerned only with defendants' right of contribution from Audubon County.

Plaintiffs' actions were not started until more than a year after the accident occurred. Shortly after being sued, defendants filed a cross-petition in each case asking contribution from Audubon County; alleging negligence in the maintenance of the road where the accident occurred.

It is agreed notice of claim was not served on the county within the 60-day period specified in section 613A.5. The county alleges this is fatal to the cross-petitions while defendants claim no such notice was necessary under the statute. This is the sole issue before us.

The county filed a motion for summary judgment in each case on the ground defendants' failure to give the notice provided for in section 613A.5 was a bar to the action for contribution. The motions were sustained. We reverse and remand for further proceedings consistent herewith.

We had a preview of this matter in Boyle v. Burt, 179 N.W.2d 513 (Iowa 1970), where we were stalemated by a four-to-four vote. The effect of that equal division was to affirm the trial court's holding that the provisions of 613A.5 did not apply to actions for contribution—a result contrary to that reached by the trial court in the case now under consideration. Of course, the tie vote in Boyle v. Burt has no precedential value. See section 684.10, The Code. We, therefore, start anew in our consideration of this problem, which, although here for the second time, is, nevertheless, a case of first impression.

Our decision turns on an interpretation of the following portion of section 613A.5:

"Every person who claims damages from any municipality for or on account of any wrongful death, loss or injury within the scope of section 613A.2 shall commence an action therefor within three (3) months, unless said person shall cause to be presented to the governing body of the municipality within sixty (60) days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded  *  *  * "

As already mentioned, it is conceded no such notice was given. Naturally, none would have been given by plaintiffs because they made no claim against the county. The question is whether defendants were required to give notice within 60 days, even though no suit was started against them until a year later, or else lose their right to contribution from the county.

A number of jurisdictions have considered this matter under statutes either identical with, or similar to, ours. Most of them have held the notice required by such statutes is limited to controversies between the principal parties only and has no reference to claims for either contribution or indemnity. Only Minnesota and Colorado hold otherwise. Hansen v. D. M. & I. R. Railway Company, 292 Minn. 503, 195 N.W.2d 814, 815 (1972); Powell v. Brady, 30 Colo.App. 406, 496 P.2d 328, 331 (1972); cf. Bituminous Casualty Corp. v. City of Evansville, 191 F.2d 572 (7th Cir. 1951).

Michigan, which at one time supported this view, recently overruled its prior holding, although it did so on constitutional grounds which we do not reach here. Reich v. State Highway Department, 386 Mich. 617, 194 N.W.2d 700, 702, 703 (1972). It is interesting to note the special concurrence in that case which suggests the court should simply acknowledge it was wrong in deciding Morgan v. McDermott,

382 Mich. 333, 356, 169 N.W.2d 897, 904 (1969), and overrule that case instead of going the constitutional route to avoid a confession of error.

The arguments on this issue, pro and con, have not changed since our opinion in Boyle v. Burt, supra, where each side of the case is stated in some detail. We therefore will not repeat at length what was said there. We now adopt the view that the notice requirements of section 613A.5, The Code, do not apply to actions between joint tort-feasors for either contribution or indemnity.

In Boyle v. Burt, supra, 179 N.W.2d at 518, 519, we listed cases from a number of state and federal jurisdictions which have reached this result under circumstances similar to those existing in the matter now before us. To that array we now add Roehrig v. City of Louisville, 454 S.W.2d 703, 705 (Ky.App.1970) and Cotham v. Board of County Commissioners, 260 Md. 556, 273 A.2d 115, 117, 121 (Md.1971); and, of course, there is Michigan, whose reversal of position has already been discussed.

The reasons given are not always the same. Some courts base their conclusion on the premise that the right to contribution or indemnity does not arise until one tort-feasor has paid more than his fair share and notice before that time is unnecessary; others simply say contribution and indemnity are not within the purview of the statute; a few make use of both arguments.

■ We base our decision on legislative intent. It is our conclusion the legislature intended section 613A.5 to be operative only in claims brought by the injured party under chapter 613A. We agree with those decisions which hold claims for contribution and indemnity are not within its purview. After giving serious consideration to what was said in the "majority" opinion in Boyle v. Burt, supra, we conclude the result there urged would not only thwart the intent of the statute but would also summarily abrogate the important equitable principles of contribution which were finally established—after long struggle—in Best v. Yerkes, 247 Iowa 800, 810, 77 N.W.2d 23, 29, 60 A.L.R.2d 1354 (1956).

A few quotations from other courts supporting this view are perhaps appropriate.

In Minneapolis, St. Paul and Sault Ste. Marie Railroad Company v. City of Fondulac (7th Cir. 1961), 297 F.2d 583, 586, 93 A.L.R.2d 1378, the court said that "a third-party claim for contribution is not within the purview of [the Wisconsin statute]" which provides no action should be maintained against a city on a claim of any kind until the claimant shall first present his claim to the council.

A similar declaration appears in Albert v. Dietz (D.C., Haw.1968), 283 F.Supp. 854, 857, where a defendant sought to implead a county to obtain contribution for alleged negligence but failed to do so within the six-month statutory limit under a statute which provided that "the persons so injured * * * or someone in his behalf, shall, within six months after such injuries are received, give the chairman of the board of supervisors notice in writing of such injuries * * *". The court said, "Until suit is brought by the injured person there is no opportunity [for one tort-feasor to serve notice upon the other]. The county non-liability act clearly was not intended to impose a statute of limitations upon the right of one joint tortfeasor against another but, * * *, was, basically, directed only at undue delay in the commencement of suits by injured persons. * * * [I]f the terms [of the act] were to be strictly applied the defending tortfeasor would suffer an injustice and an impairment of his statutory rights, far, far greater than that which would be lost by a county if its protective non-liability act were not literally applied."

In reaching a like result, the Delaware court discussed the purpose and meaning of a statute providing no action for dam-

ages shall be maintained against a city "unless the person by or on behalf of whom such claim or demand is asserted shall, within 1 year from the happening of such injury," file notice with the city or with the mayor concerning the time, place, cause and character of the injuries sustained. Royal Car Wash Co. v. Mayor and Council of Wilmington, 240 A.2d 144, 145, 146 (Del.Super.1968). The argument was made, as it is here, that the one year notice requirement is a condition precedent to the existence of liability on the part of the city. The court said this was true as to the *injured party's* claim against the city for personal injuries but not to a defendant's claim against the city for contribution. Important in the court's consideration of the case was the patent inequity of permitting a plaintiff to arbitrarily select which of several tort-feasors should be burdened with the entire obligation for the wrongful act by delaying his action until the right of contribution could no longer be enforced.

We agree with Delaware that it is inconceivable the legislature intended such a result.

In Keleket X-ray Corporation v. United States, 107 U.S.App.D.C. 138, 275 F.2d 167, 169 (1960), the court commented on that very situation this way, "We know of no reason why the law should let action or inaction of the injured party defeat a claim to contribution. Neither releasing one tort-feasor * * * nor allowing a statute of limitations to run in favor of one tort-feasor * * * should be permitted to have that effect."

Another case bolstering our view is Bosin v. Minneapolis, St. Paul and Sault Ste. Marie Railroad Company, 183 F.Supp. 820, 824 (E.D.Wis.1960), where the court held a Wisconsin statute much like our section 613A.5, requiring notice before a "claim of any kind" could be maintained against a city did not extend to an action brought by

a joint tort-feasor to obtain contribution from the municipality.

■ A consideration of the statute, both its language and the purposes to be served, convinces us it is intended to be operative only in actions brought by the injured party to collect damages from the governmental agency involved. Any other result would lead to impractical and illogical consequences, which we should avoid in searching out legislative meaning. Northern Natural Gas Co. v. Forst, 205 N.W.2d 692, 695, 696 (Iowa 1973); Cedar Memorial Park v. Personnel Associates, 178 N.W.2d 343, 347, 348 (Iowa 1970).

In Northern Natural Gas Company v. Forst we quoted this from an earlier decision, "it is a well-known * * * rule that the manifest intent of the legislature will prevail over the literal import of the words used." A little later in that opinion we reiterated these rules for construing a statute: (1) We examine "both the language used and the purpose for which the legislation was enacted"; (2) The subject matter, effect, consequence, and the reason and spirit of the statute must be considered, as well as the words; and (3) A statute should be given sensible, practical, workable and logical construction.

■ To say, as the county urges here, there was an obligation on defendants to anticipate in 60 days a claim which might not be asserted for several years—it was a year in the case now before us—gives the statute anything but a "sensible, practical, workable and logical construction." To put it another way, we refuse to attribute to this legislation an intention to permit an injured claimant to elect which of two equally culpable tort-feasors shall bear the *whole* burden simply because one happens to be a governmental unit designated in chapter 613A. We hold the notice requirements of section 613A.5 have no application to claims against a governmental unit for contribution or indemnity. The trial

court erred in holding to the contrary, and the case is reversed and remanded for further proceedings consistent herewith.

Reversed and remanded.

All Justices concur except RAWLINGS, J., who dissents.

RAWLINGS, Justice (dissenting).

I respectfully dissent.

If, in the enactment of Code § 613A.5 the intent of the General Assembly had been as now judicially impressed upon that Act by the majority, it could easily have so declared. This it did not do. This we should not do under the guise of statutory construction. See Shriver v. City of Jefferson, 190 N.W.2d 838, 839 (Iowa 1971); Davenport Water Co. v. Iowa State Commerce Com'n., 190 N.W.2d 583, 594–595 (Iowa 1971).

I adhere to the views expressed in Boyle v. Burt, 179 N.W.2d 513 (Iowa 1970) and submit they more nearly manifest the true legislative intent in enacting § 613A.5 than does the rationale here employed by the majority.

I would affirm.