**TSZ KI YIM, Plaintiff,**

v.

**HOME INDEMNITY COMPANY, et al., Defendants.**

Civ. A. No. 79–2122.

United States District Court, District of Columbia.

June 30, 1982.

Gary R. Sheehan, Fairfax, Va., for plaintiff.

Laurence T. Scott, Brault, Graham, Scott & Brault, Washington, D. C., for defendant and third-party plaintiff Home Indemnity Co.

Joseph F. Cunningham, Washington, D. C., for third-party defendants Max Wolman Co. and Adele Wolman.

MEMORANDUM OPINION AND ORDER

ARTHUR L. BURNETT, Magistrate.

Third Party Defendants Max Wolman Company, a District of Columbia Corporation, and Adele Wolman, as Administratrix of the Estate of Max Wolman, Deceased, on March 9, 1981 filed a motion to reconsider this Magistrate's Order of January 29, 1981, which granted the defendant's motion for leave to file a third party complaint against the third party defendants. Counsel has urged that the Wolman defendants cannot be subject to a third party complaint for indemnification arising from the circumstances of this case since the applicable statute of limitations had run as to plaintiff suing the Wolman defendants directly, and, thus by filing of the third-party complaint, the defendant, The Home Indemnity Company, cannot subject the Wolman defendants to liability which this Court has already found to be time barred with respect to plaintiff's claim. Thus, the Wolman defendants contend that they cannot be subjected indirectly to a liability for which they could not be directly liable to the plaintiff because of the bar of the statute of limitations.

The defendant, The Home Indemnity Company, has responded in opposition to the motion to reconsider, with the observation that a right to maintain a cause of action for indemnity does not accrue until there has been payment, citing *Aetna Casualty and Surety Co. v. Windsor,* 353 A.2d 684 (D.C.App.1976). While judicial precedent on this issue is not extensive, that precedent which does exist supports the defendant's position, in this Magistrate's opinion.

In the context of dealing with the related equitable doctrine of contribution, our Circuit Court of Appeals has concluded that a third party complaint may lie for contribu-

350

tion against a joint tortfeasor even where the statute of limitations has run in favor of that tortfeasor with respect to the claim of the plaintiff. In *Keleket X-Ray Corp. v. United States,* 275 F.2d 167, 169 (D.C.Cir. 1960), the court stated:

"We know of no reason why the law should let action or inaction of the injured party defeat a claim of contribution. Neither releasing one tortfeasor ... nor allowing a statute of limitations to run in favor of one tortfeasor, ... should be permitted to have that effect."

It is also significant to note that in *Hall v. General Motors Corp.,* 647 F.2d 175, 184 (D.C.Cir.1980), the Court of Appeals cited *Keleket, supra,* observing that as to whether settlement between a plaintiff and an alleged joint tortfeasor precluded an independent action for contribution, was an open question and that prior decisions of the court were inconclusive, but it expressed no similar reservation concerning the effect of a bar of statute of limitations.

It is further noted that in *Keleket,* the Court expressly observed in dealing with a suit under the Federal Torts Claim Act and the potential liability of the United States for contribution, where the plaintiff's claim was barred by the two (2) year statute of limitations bar of 28 U.S.C. § 2401(b):

"It has been held that a tort claim against the United States for indemnity does not 'accrue', within the meaning of the statute, until the party claiming indemnity has paid the injured person.... However that may be, we think it clear that Keleket's claim to contribution did not accrue before Keleket had been sued by Slater (the plaintiff). Since that contingency had not occurred two years before Keleket's claim was filed, this claim was not barred by the two year statute of limitations. 275 F.2d at 169.

There the Court of Appeals also rejected the trial court's rationale for dismissing the third party complaint that in the District of Columbia

'the right of contribution or indemnity arises only against a joint tortfeasor who is directly liable to the injured party. If

the former may not be required to pay damages to the latter he is under no duty to pay contribution to the party held liable to the victim of the tort. *Slater v. Keleket X-Ray Corp., supra,* 172 F.Supp. [715] at page 718.' 275 F.2d at 169. *Accord, Corning Glass Works v. Puerto Rico Water Resources Authority, Inc.,* 396 F.2d 421 (1st Cir. 1968), *citing Keleket with approbation, Globig v. Greene & Gust Co.,* 184 F.Supp. 530, 533 (E.D.Wis.1960), and *Schott v. Colonial Baking Co.,* 111 F.Supp. 13 (W.D.Ark.1953).

For the foregoing reasons and based on the judicial authorities cited, the Magistrate hereby concludes that allowing the filing of the third party complaint was proper and correct and, accordingly, the Wolman defendants motion to reconsider and vacate the Order allowing the third party complaint is DENIED. Further, the motion of the defendant/third party plaintiff, The Home Indemnity Company, for entry of judgment by default, filed on June 14, 1982, is hereby DENIED, and the Wolman defendants shall file their answer within ten (10) days of this Order, unless an appeal is taken from this Memorandum Opinion and Order to the Court. Accordingly, it is hereby this 30th day of June, 1982

ORDERED:

1. That the Motion to Reconsider by Max Wolman Company and Adele Wolman, as Administratrix of Max Wolman, filed March 9, 1981, be and is hereby DENIED.

2. The Third Party Plaintiff, The Home Indemnity Company, motion for entry of judgment by default be and is hereby DENIED.

ORDER

HAROLD H. GREENE, District Judge.

UPON CONSIDERATION of the appeal of third-party defendant Max Wolman Company and Adele Wolman, as administratrix of the estate of Max Wolman, and the opposition of defendant The Home Indemnity Company thereto, it is by the Court this 30th day of July, 1982,

ORDERED, that the Order of June 30, 1982, issued by Magistrate Burnett be affirmed.