**Bruce G. SCHREIER, Plaintiff,**

v.

**Mary E. SONDERLEITER, d/b/a Sondy's Horseshoe, Craig LaPour and Daniel J. Gruis, Defendants.**

**Mary E. SONDERLEITER, d/b/a Sondy's Horseshoe, Third–Party Plaintiff-Appellee,**

v.

**Edward CUNNINGHAM, d/b/a Concession Spot No. 23, Third–Party Defendant-Appellant.**

No. 86–836.

Supreme Court of Iowa.

March 16, 1988.

Lee H. Gaudineer and Jon K. Swanson of Austin, Gaudineer, Austin, Salmons & Swanson, Des Moines, for third-party defendant-appellant.

Richard G. Langdon and Kermit B. Anderson of Herrick, Langdon & Langdon, Des Moines, for third-party plaintiff-appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO, and NEUMAN, JJ.

NEUMAN, Justice.

This is an appeal from a judgment entered in a third-party action for contribution brought by one liquor licensee against another. At issue are fundamental questions concerning the applicability of Iowa's dramshop law to an independent claim for contribution and the application of a verdict secured in accordance with principles of comparative fault to a judgment rendered and satisfied on the basis of joint and several liability. We affirm.

I. In December 1983, plaintiff Bruce Schreier brought an action against defendants Craig LaPour and Daniel Gruis for injuries Schreier sustained as a result of an assault and battery. Also named as a defendant in the action was Mary E. Sonderleiter d/b/a Sondy's Horseshoe (Sonderleiter), a dramshop where defendants LaPour and Gruis were allegedly served alcoholic beverages to the point of intoxication on the evening of the assault. See Iowa Code § 123.93 (1983). Eighteen months later, Sonderleiter filed a third-party petition for contribution against Edward Cunningham d/b/a Concession Spot No. 23 (Cunningham), claiming Cunningham shared common liability with Sonderleiter for serving alcohol to the defendants on the night in question.

Trial was commenced before a jury in March 1986. Schreier's case against defendants LaPour, Gruis, and Sonderleiter, filed *prior* to July 1, 1984, was not submitted under the comparative fault principles of Iowa Code chapter 668 (1985). Sonderleiter's third-party petition against Cunningham for contribution, filed *after* July 1, 1984, was ostensibly submitted in accordance with chapter 668. See 1984 Iowa Acts ch. 1293, § 15. On the principal claim, the jury returned a verdict in favor of Schreier and against defendants LaPour, Gruis and Sonderleiter for compensatory damages of $25,000 plus punitive damages of $5000 against LaPour and Gruis, individually. On the contribution claim, the jury returned a special verdict which assessed the percentages of comparative fault for the intoxication of LaPour and Gruis as ten percent for Sonderleiter and ninety percent for Cunningham.

Based on these verdicts, the district court entered judgment "according to the common-law rules of joint and several liability" against LaPour, Gruis, and Sonderleiter for the compensatory damages. Judgment for punitive damages, not contested on this appeal, was also entered

against LaPour and Gruis. The court then entered judgment in favor of Sonderleiter and against Cunningham "in the sum of ninety percent of the judgment and costs entered against Third–Party Plaintiff, Mary Sonderleiter d/b/a Sondy's Horseshoe." Following Cunningham's appeal from this judgment, Sonderleiter paid Schreier $20,000 in full settlement of the judgment for compensatory damages. Neither party disputes the reasonableness of the settlement. Thereafter the district court, in accordance with Iowa Rules of Appellate Procedure 10(c) and (d), amended the judgment against Cunningham to $19,-333.72, a fixed sum representing ninety percent of the settlement plus costs.

On appeal, appellant Cunningham renews claims unsuccessfully asserted in prior motions to dismiss third-party petition, for directed verdict, and for judgment notwithstanding the verdict. First, he claims that Iowa Code section 123.92 precludes a cause of action for contribution by one dramshop against another. Second, he claims that the most essential element of a contribution claim—common liability—does not exist in this case because neither Sonderleiter nor Schreier gave Cunningham the notice of claim required by section 123.-92. Alternatively, Cunningham claims the court erred by entering judgment in favor of Sonderleiter for ninety percent of the underlying judgment paid by her, rather than ninety percent of a one-third share of the liability. We shall consider the arguments in turn.

II. The essence of Cunningham's first argument is that no right of contribution exists among liquor licensees for claims arising out of dramshop actions brought in accordance with Iowa Code section 123.92. His argument turns on the language of the statute which grants "[e]very husband, wife, child, parent, guardian, employer or other person" a cause of action, not recognized at common law, against a liquor licensee for damage done by an intoxicated patron of the dramshop. *See Robinson v. Bognanno*, 213 N.W.2d 530, 531–32 (Iowa

1973). Because Sonderleiter does not come within the class of innocent persons entitled to this legislative remedy, Cunningham claims Sonderleiter has no cause of action against him. Cunningham's argument, however, misapprehends the nature of an action for contribution.

■ Contribution is an equitable remedy requiring joint tortfeasors liable to an injured third party to share the burden of damages. *See Rees v. Dallas County*, 372 N.W.2d 503, 504 (Iowa 1985). Iowa first recognized the cause of action, premised on common liability for nonintentional acts, in *Best v. Yerkes*, 247 Iowa 800, 804, 77 N.W.2d 23, 29 (1956). The remedy is now codified in Iowa's comparative fault act, section 668.5(1) (1985), which provides:

A right of contribution exists between or among two or more persons who are liable upon the same indivisible claim for the same injury, death, or harm, whether or not judgment has been recovered against all or any of them. It may be enforced either in the original action or by a separate action brought for that purpose. The basis for contribution is each person's equitable share of the obligations, including the share of fault of a claimant, as determined in accordance with section 668.3.

■ Iowa and other states have distinguished the right to maintain an action for contribution from the right to maintain an underlying legislatively created cause of action. Most notably, we held in *Olsen v. Jones*, 209 N.W.2d 64, 66 (Iowa 1973) that in actions between joint tortfeasors for contribution or indemnity, the injured party's failure to give the required notice did not defeat the right to maintain the contribution action. We rested our decision on the simple premise that a claim for contribution was not within the purview of legislation granting an injured party a right of action against the sovereign. More importantly, based on the equitable principles announced in *Best v. Yerkes*,

we refuse[d] to attribute to this legislation an intention to permit an injured

claimant to elect which of two equally culpable tort-feasors shall bear the *whole* burden simply because one happens to be a governmental unit designated in chapter 613A.

*Olsen v. Jones,* 209 N.W.2d at 67.

Wisconsin reached the same result in *State Farm Mutual Automobile Insurance Co. v. Schara,* 56 Wis.2d 262, 264–65, 201 N.W.2d 758, 759 (1972), observing that

a cause of action for contribution is separate and distinct from the underlying cause of action whether that underlying cause sounds in contract or in tort. Accordingly, the period within which an injured party must commence his action ... is irrelevant when a joint tort-feasor who has paid more than his share seeks contribution from another with whom he shares joint liability. The concern is with a separate cause of action.

Even more pertinent is the analysis advanced by the Minnesota Supreme Court in *Skaja v. Andrews Hotel Co.,* 281 Minn. 417, 161 N.W.2d 657 (1968). There, as here, one liquor licensee sought contribution from another where their combined sales of liquor to a minor resulted in injury to plaintiffs. *Id.* at 418, 161 N.W.2d at 658. Rejecting the argument that contribution under such circumstances should not be allowed, the Minnesota Supreme Court concluded that contribution would "distribute the burden of liability among those commonly liable equally, increase the incentive of all licensed vendors to guard against illegal sales, and spread more equitably the economic loss resulting from violations upon the liquor industry." *Id.* at 424, 161 N.W.2d at 661.

We concur in the reasoning of our neighboring courts and apply it here. We hold that our dramshop law, while providing the exclusive right of action for injured parties against liquor licensees, does not limit the right of one dramshop to bring a cause of action against another dramshop for contribution. The two actions are separate and distinct, and "[t]here appears no valid reason to permit other vendors, whose alleged

sales have combined to cause the loss, to escape liability while casting the burden solely upon one." *Skaja,* 161 N.W.2d at 661.

III. Cunningham's next argument assumed we might recognize a claim for contribution between dramshops. Generally, contribution rests on common liability of two or more actors to an injured party for the same damages, even though their liability may rest on different grounds. *Federated Mut. Implement & Hardware Ins. Co. v. Dunkelberger,* 172 N.W.2d 137, 142 (Iowa 1969). Cunningham argues that the essential element of common liability between Sonderleiter and Cunningham is missing because, as to Cunningham, there was no compliance with the notice provision of the dramshop act:

Within six months of the occurrence of *an injury,* the *injured person shall* give written notice to the licensee or permittee or such licensee's or permittee's insurance carrier of his intention to bring an action under this section, indicating the time, place and circumstances causing the injury.

Iowa Code § 123.93 (emphasis added). Sonderleiter readily concedes that no such notice was given to Cunningham prior to the commencement of the third-party action. On the strength of this admission, Cunningham moved for a directed verdict at the close of Sonderleiter's case. The district court overruled the motion, and rightly so.

In the dramshop case of *Arnold v. Lang,* 259 N.W.2d 749, 752 (Iowa 1977), we held that failure of an injured party to file the requisite notice within the statutory time limit extinguished the cause of action against the dramshop altogether. Based on this authority, Cunningham claims that because he has no liability to Schreier, he can share no common liability with Sonderleiter. Again, Cunningham's argument fails to distinguish between an injured party's dramshop claim and an independent equitable action for contribution brought by a joint tort-feasor.

We addressed and rejected a nearly identical argument based on section 613A.5 of the Iowa municipal tort claims act in *Olsen v. Jones,* 209 N.W.2d at 67, where we held "the notice requirements of section 613A.5 have no application to claims against a governmental unit for contribution or indemnity." To rule otherwise, we said, would not only "summarily abrogate the important equitable principles of contribution" but would also "lead to impractical and illogical consequences." *Id.* at 66, 67. Quoting with approval from *Keleket X-ray Corp. v. United States,* 275 F.2d 167, 169 (D.C.Cir.1960), we concluded there was no reason why the law should let action or inaction of the injured party defeat a claim to contribution. *Olsen,* 209 N.W.2d at 67.

Echoing this same view, the Illinois Supreme Court recently noted that the majority of jurisdictions considering the question have rejected claims like Cunningham's:

> The rationale of these decisions is that "liability" is determined at the time of the injury out of which the right to contribution arises, and not at the time the action for contribution is brought ... or "that a tort defendant's indemnity action against a governmental entity is separate and distinct from the injured plaintiff's action against the governmental entity and is not barred by failure to file a timely claim measured from the time of the accident."

*Stephens v. McBride,* 97 Ill.2d 515, 520, 74 Ill.Dec. 24, 27, 455 N.E.2d 54, 57 (1983) (citations and quoted authority omitted).

Based on these authorities, we find no merit in the argument that lack of compliance with section 123.93 as to Cunningham defeated his common liability with Sonderleiter. The trial court correctly denied Cunningham's motions for dismissal on this ground.

■ IV. On his third assignment of error, appellant Cunningham claims that the district court incorrectly computed the amount of Sonderleiter's judgment against Cunningham. He maintains that Sonderleiter's maximum liability on the underlying claim should be limited to one-third of the compensatory damages entered jointly and severally against the three defendants. The district court disagreed, and so do we.

It is undisputed that the dramshop and assault claims were tried and submitted to the jury on the basis that all three defendants were jointly and severally liable for the indivisible injury suffered by Schreier. The court's jury instructions, unopposed by Cunningham's counsel, sought no apportionment of fault between defendants Sonderleiter, LaPour, and Gruis. In this posture, and under the theory of joint and several liability, defendants LaPour, Gruis, and Sonderleiter were each individually liable to the plaintiff for the whole of his compensatory damages. *See Rozevink v. Faris,* 342 N.W.2d 845, 847–48 (Iowa 1983).

The contribution action was tried on the basis of seeking an equitable apportionment between Sonderleiter's several liability to Schreier for the entire judgment and Cunningham's common liability for the same injury. Contrary to the position asserted by the parties, we note this approach differs substantially from the procedure for trying contribution claims under section 668.5(1) where the relative fault of *all* parties to the action is determined in accordance with section 668.3. Because the issues on the primary claim were not determined in accordance with section 668.-3, it was impossible to strictly adhere to the provisions of section 668.5 in the determination of the contribution claim. Notwithstanding that circumstance, proportionate allocation of fault between Sonderleiter and Cunningham, inter se, was appropriate. *See Franke v. Junko,* 366 N.W.2d 536, 540 (Iowa 1985).

Sonderleiter has now satisfied Schreier's judgment against her for the reduced sum of $20,000 plus costs. The district court correctly entered judgment against Cunningham for his just and equitable share of that common liability, assessed by the jury at ninety percent.

AFFIRMED.