Howard **HEINE**, Plaintiff,

and

**Melva Wedemeier**, Appellant,

v.

**ALLEN MEMORIAL HOSPITAL CORPORATION, et. al.,** Defendants,

and

**Driss Cammoun and Radiological Associates, P.C.,** Appellees.

No. 95–1298.

Supreme Court of Iowa.

June 19, 1996.

David L. Riley and Karla J. Shea of Yagla, McCoy and Riley, Waterloo, for appellant.

Edward J. Gallagher, Jr. and Timothy C. Boller of Gallagher, Langlas & Gallagher, P.C., Waterloo, for appellees.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

In this case the district court determined Iowa Code section 147.136 (1993) applies to the plaintiff's contribution claim against a physician and his employer. On appeal we reverse and remand.

## I. *Background.*

The following uncontroverted facts are contained in the pleadings. Howard Heine fell down steps at his residence on February 28, 1993. As a consequence, he was seen and treated at the Allen Memorial Hospital emergency room. Heine complained of pain in the back and upper shoulders and tenderness from the neck to the mid-thoracic spine. At that time x-rays were taken and interpreted by Dr. Driss Cammoun, an employee of Radiological Associates, P.C. (Associates). Heine was diagnosed as having multiple contusions, secondary to the fall.

On June 29, 1993, Heine was involved in an automobile collision with Melva Wedemeier. He sustained neck injuries as a consequence of the collision. Heine brought an action against Wedemeier for damages arising out of the automobile collision. Wedemeier confessed judgment in favor of Heine in the amount of $100,000 and the confession of judgment was accepted by Heine.

The procedural facts that gave rise to this appeal are as follows. After Heine's acceptance of Wedemeier's confession of judgment, Heine filed on February 13, 1995 an action against the Allen Memorial Hospital Corporation and other health care providers who had provided services to him for injuries he received as a result of his fall on February 28, 1993. The petition alleges he received a fractured neck as a result of the fall, that the x-rays disclosed this fact, and that the health care providers were negligent in their medical evaluation, diagnosis, and treatment of his injuries from the fall.

Wedemeier filed her petition for contribution on February 18, 1995. She alleged the nature and extent of the injuries sustained by Heine in the automobile collision were greatly aggravated because Cammoun and Associates did not properly identify, diagnose, and treat the neck fracture Heine sustained from the fall. She alleges the negligence of Cammoun in failing to identify the neck fracture contributed to the damages that she was ultimately compelled to pay Heine. In answer to the petition, the defendants raised as an affirmative defense that Iowa Code section 147.136 limits or bars Wedemeier's claim for contribution. The

court consolidated the Heine and Wedemeier cases on Cammoun's motion.

Wedemeier filed a motion to adjudicate law points, *see* Iowa Rule of Civil Procedure 105, asking the court to adjudicate and determine that section 147.136 does not apply to her claim for contribution. She stated the judgment against her in favor of Heine was paid by her insurance carrier, Grinnell Mutual Reinsurance Company. In response, the defendants asked the court to adjudicate that the statute bars the claim for contribution or, in the alternative, bars her from seeking contribution for any medical expenses and economic damages she paid to Heine which had been paid by a collateral source.

In its ruling on the motion to adjudicate law points the court concluded Wedemeier's contribution claim is barred by section 147.136. After considering the legislative intent of the statute, the court reasoned that "the section covers both an underlying malpractice action as well as a contribution claim."

## II. *Rule 105 Motion.*

■ The court may "hear and determine any point of law raised in any pleading which goes to the whole or any material part of the case." Iowa R.Civ.P. 105. We have interpreted the rule to allow an adjudication if either there are no material facts in dispute or if the court is presented with a "legal issue that is independent of a disputed factual issue and a ruling favorable to the applying party will necessarily be dispositive of the case in whole or in part." *State ex rel. Miller v. Hydro Mag, Ltd.*, 379 N.W.2d 911, 913 (Iowa 1986). The interpretation of a statute is a legal issue that may be raised by a rule 105 motion. *See Barron v. State Farm Mut. Auto. Ins. Co.*, 540 N.W.2d 423, 424 (Iowa 1995).

## III. *Section 147.136.*

Iowa Code section 147.136 provides in part:

> In an action for damages for personal injury against a physician ... in which liability is admitted or established, the damages awarded shall not include actual economic losses incurred or to be incurred in the future by the claimant by reason of the personal injury, including but not limited to, the cost of reasonable and necessary medical care ... to the extent that those losses are replaced or are indemnified by insurance ... or from any other source except the assets of the claimant or of the members of the claimant's immediate family.

Cammoun and Associates urge section 147.136 applies to Wedemeier's claim because her claim is an action for damages against a physician by a claimant whose economic loss was indemnified by insurance. We are asked to interpret the statute broadly to provide protection for health care providers and thus give effect to the intent of the legislators.

■ We have stated "the legislature's purpose in enacting section 147.136 was to reduce the size of malpractice verdicts by barring recovery for the portion of the loss paid for by collateral benefits." *Rudolph v. Iowa Methodist Medical Ctr.*, 293 N.W.2d 550, 558 (Iowa 1980). The legislature's intent was to "assure the public of continued health care services at affordable rates." *Lambert v. Sisters of Mercy Health Corp.*, 369 N.W.2d 417, 424 (Iowa 1985). Cammoun and Associates also urge it would be absurd to construe the statute to preclude the patient from recovery of damages reimbursed by a collateral source while allowing a third-party tortfeasor to maintain a contribution claim for damages reimbursed by insurance.

■ Generally, under the collateral source rule the "benefits received by the plaintiff from a source wholly independent of and collateral to the wrongdoer will not diminish the damages otherwise recoverable from the wrongdoer." 22 Am.Jur.2d *Damages* § 566 (1988). "Payments to an injured plaintiff from a collateral source do not ordinarily reduce the amount otherwise owed by a defendant whose negligence proximately caused the injury." *Nieman v. Heil Co.*, 471 N.W.2d 790, 791 (Iowa 1991). Stated another way "a tortfeasor's obligation to make restitution for an injury he or she caused is undiminished by any compensation received by the injured party from a collateral

source." *Schonberger v. Roberts,* 456 N.W.2d 201, 202 (Iowa 1990).

 Wedemeier's liability insurance payment to Heine is not a payment by a collateral source. Her suit for contribution is not an action for personal injury against Cammoun and Associates. An action for contribution "is an equitable remedy requiring joint tortfeasors liable to an injured third party to share the burden of damages." *Schreier v. Sonderleiter,* 420 N.W.2d 821, 823 (Iowa 1988). An action for contribution is separate and distinct from the right to maintain an underlying cause of action. *Id.*

Here the statutory language of section 147.136 limits its protection to *actions for damages for personal injury* against physicians and other identified health care providers. The text of the act grants benefits to health care providers by not allowing the damage award to include actual economic losses *incurred by reason of the personal injury* to the extent that the economic losses are replaced or indemnified by insurance or other sources. Although the statute uses broad language to bar application of the collateral source rule as to recovery of economic losses as damages in a personal injury action, we do not interpret the statutory language to bar or limit recovery of a tortfeasor in a contribution action against an alleged joint tortfeasor. We do not find the literal import of the statutory text is inconsistent with the legislative intent or that a literal interpretation leads to an absurd result.

In a similar situation a federal court was required to apply a New York statute that generally forbids the recovery of damages that an injured person had recovered or would recover from collateral sources in certain malpractice and tort actions. *See Staffer v. Bouchard Transp. Co.,* 878 F.2d 638, 645 (2d Cir.1989). The court held a third-party plaintiff who brought a contribution action against a physician would not be subject to the state statute. *Id.* The court recognized the third-party plaintiff claim was not a personal injury or a malpractice action. *Id.* Although the theory of contribution "encompasses an assertion of malpractice" the court held the nature of the action is contribution. *Id.*

It was error for the district court to conclude section 147.136 covers a contribution action as well as an underlying malpractice action. We find as a matter of law section 147.136 does not bar or limit Wedemeier's contribution claim against the defendants Cammoun and Associates. We reverse the court's ruling and remand for further proceeding.

**REVERSED AND REMANDED.**