# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30829
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

August 10, 2017

Lyle W. Cayce
Clerk

JEROME WEATHINGTON,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; UNKNOWN DENTIST; UNKNOWN
WARDEN,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CV-87

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jerome Weathington, federal prisoner # 08121-028, appeals from the
district court's dismissal of his complaint filed pursuant to the Federal Tort
Claims Act (FTCA) and *Bivens v. Six Unknown Named Agents of Federal
Bureau of Narcotics*, 403 U.S. 388 (1971). When, as here, a district court
dismisses a complaint as both frivolous and for failure to state a claim under

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

28 U.S.C. § 1915 and 28 U.S.C. § 1915A, this court reviews the dismissal de novo. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Weathington argues that the district court erred by dismissing his FTCA claim as time barred. The FTCA "requires a claimant to file an administrative claim within two years [of accrual] *and* file suit within six months of its denial." *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001); *see also* 28 U.S.C. § 2401(b). A cause of action accrues within the meaning of § 2401(b) "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Ramming*, 281 F.3d at 162. Because Weathington knew in 2009 that the dental work performed on him was not complete and he did not file an administrative claim until several years after the two-year statute of limitations expired, the district court did not err in dismissing the FTCA claim as time barred. *See Beech v. United States*, 345 F.2d 872, 874 (5th Cir. 1965) ("Where the trauma coincides with the negligent act and some damage is discernible at the time, [§ 2401(b)'s] two-year statute of limitations begins to run, even though the ultimate damage is unknown or unpredictable."); *see also In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 191 (5th Cir. 2011), *abrogated on other grounds by United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015).

Weathington also argues that the district court erred by dismissing his *Bivens* claim against the dentist who performed dental work on him in 2009. Weathington's claim for injunctive relief under *Bivens* regarding his dental

No. 16-30829

care at the Federal Correctional Institution in Pollock, Louisiana, is moot because he was transferred to and currently resides in a different prison. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that transfer to a different facility rendered claims for declaratory and injunctive relief moot).

The district court's judgment is AFFIRMED.