Willie E. McINTOSH, Appellee,

v.

Richard BARR, Appellant.

No. 85–795.

Supreme Court of Iowa.

Dec. 17, 1986.

Marsha K. Ternus of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, and Jerome Y. Biggs, Jr. of Travis & Biggs, Bedford, for appellant.

Philip Willson of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, CARTER, and WOLLE, JJ.

LARSON, Justice.

Richard Barr sued Willie E. McIntosh for injuries sustained in a collision between their vehicles. In the same action, Barr's wife, Joan, sued McIntosh for the loss of Richard's consortium. The jury found (1) Richard Barr had sustained damages of $200,000; (2) Joan Barr sustained $25,000 damages on her consortium claim; and (3) negligence should be attributed sixty-five percent to McIntosh and thirty-five percent to Richard Barr. No negligence was found as to Joan Barr.

■ McIntosh paid the net judgment in favor of Richard Barr ($200,000 reduced by Barr's thirty-five percent negligence) and Joan's judgment for loss of consortium. McIntosh then filed the present contribution action contending that, because Richard Barr was thirty-five percent negligent, he should bear that percentage of his wife's consortium judgment. The district court agreed and entered judgment against Richard Barr. On appeal, Barr raises only one issue: Whether a husband may be required to contribute to a judgment in favor of his wife and against a third-party tortfeasor arising out of the husband's injury due in part to his own negligence. We hold that such a suit may not be maintained and therefore reverse the district court.

■ The right of contribution rests upon common liability, that is a liability which is enforceable against each tortfeasor individually. *Rees v. Dallas County,* 372 N.W.2d 503, 504–05 (Iowa 1985); *Iowa Power & Light Co. v. Abild Construction Co.,* 259 Iowa 314, 319, 144 N.W.2d 303, 308 (1966). Iowa Code section 668.5(1) (1985) is consistent with this rule, providing in part: "A right of contribution exists between or among two or more persons who are liable upon the same indivisible claim...." (While the original suit by the Barrs against McIntosh preceded the July 1, 1984, effective date of section 668.5, the present contribution suit was filed after that date.) The rule requiring common lia-

bility has been reaffirmed by this court, notwithstanding the adoption of comparative negligence. *See Thompson v. Stearns Chemical Corp.,* 345 N.W.2d 131 (Iowa 1984).

When we consider the threshold question of whether common liability is present, the specific question in this case may be simply stated: Could Joan Barr have a direct claim against her husband for the loss of his consortium through an injury caused in part by his own negligence?

McIntosh argues that the answer must be in the affirmative, relying principally on *Shook v. Crabb,* 281 N.W.2d 616 (Iowa 1979), which abrogated interspousal tort immunity. He also points to this language in *Fuller v. Buhrow,* 292 N.W.2d 672, 676 (Iowa 1980), which, he argues, supports that view:

> As the dissent in *Handeland [v. Brown,* 216 N.W.2d 574 (Iowa 1974)]* noted, the defendant in a rule 8 suit will be prevented from obtaining contribution from the contributorily negligent youth because of the family immunity rule. *Id.* at 579. *There is no such impediment to defendants liable for consortium claims. See Shook v. Crabb,* 281 N.W.2d 616 (Iowa 1979).

(Emphasis added.)

*Shook* and *Fuller,* however, turned on whether interspousal immunity would apply. The issue here is not one of interspousal immunity, or the lack of it, but whether there is the common liability required for contribution in any event. We believe there can be no independent claim for loss of consortium by one spouse against the other, because no actionable duty is breached.

The services, society, companionship, affection, and other elements of consortium are valuable and necessary ingredients of a satisfactory interspousal relationship. They are not, however, the kind of services the deprivation of which will give rise to a tort action between spouses. We agree with the Minnesota Supreme Court, which said, in a similar case:

> Reasoning from our decision abrogating interspousal tort immunity, [the

plaintiff] asserts that a husband may recover damages from his wife for her negligent interference with any of his legally protected interests, one of which is consortium. The question is whether that interest is protected as against his own spouse.

A husband's interest in consortium is a right to such services as his wife voluntarily provides him, and the law protects this interest against interference by third parties. However, because the husband's interest is only in services voluntarily provided him, a wife is not under a legally enforceable duty to provide such services. Consequently, she cannot be held liable for either negligently or intentionally denying him consortium. Were it otherwise, her estate would be liable if she had committed suicide or if she had died as a result of her own negligence in the accident giving rise to this action. *Plain v. Plain,* 307 Minn. 399, 401–02, 240 N.W.2d 330, 331–32 (1976) (footnotes omitted).

We conclude it was error to order contribution and therefore reverse and remand for entry of judgment for the defendant.

REVERSED AND REMANDED.