Jack R. McDONALD and Mickey C. McDonald, Plaintiffs,

v.

DELHI SAVINGS BANK, Defendant.

DELHI SAVINGS BANK, Appellant,

v.

Richard H. RATHJE, Richard L. Smith, Frances K. Smith, and R.L. Smith Real Estate Company, Inc. d/b/a R.L. Smith and Company, Realtors, Appellees.

No. 87-1731.

Supreme Court of Iowa.

May 17, 1989.

Rehearing Denied June 8, 1989.

James F. Pickens and Minor Barnes of Pickens, Barnes & Abernathy, Cedar Rapids, for appellant.

William G. Nicholson of White & Johnson, P.C., Cedar Rapids, for appellee Rathje.

James W. Affeldt and Cynthia Hanna Camp of Affeldt & Blackstock, Cedar Rapids, for appellees Smith.

Considered by McGIVERIN, C.J., and SCHULTZ, CARTER, LAVORATO and NEUMAN, JJ.

McGIVERIN, Chief Justice.

Plaintiffs Jack and Mickey McDonald filed a breach of contract and negligence action against appellant Delhi Savings Bank for extinguishing their interest in real estate they owned on which the bank held certain security interests. The bank cross-petitioned against appellees Richard Rathje, the contract purchaser of the real estate, and Richard and Frances Smith, the eventual owners and contract sellers of the real estate, for contribution. McDonalds' breach of contract claim was submitted to

a jury which returned a verdict against the bank. The bank's contribution claim was denied by the district court, which ruled that no common liability existed between the bank and the Smiths and Rathje. The district court also denied the Smiths' cross-petition claims against the bank for attorney fees which were incurred in successfully defending their title to the real estate.

On appeal, the bank 1) claims that the trial court erred in denying the bank a jury trial on its contribution claim, 2) contends that the trial court erred in ruling the purchasers were not liable for negligence to the bank and the McDonalds, and 3) challenges certain evidentiary rulings of the trial court. In their cross-appeal, the Smiths claim that they were entitled to recover attorney fees from the bank. We affirm on both appeals.

I. *Background facts and proceedings.* Jack and Mickey McDonald owned a bar and restaurant on Lake Delhi in Delaware County known as the Rocky Nook.

In February 1982, McDonalds sold the Rocky Nook on a real estate installment sale contract to a group of investors, one of whom was Robert Holmes. Holmes was a real estate broker with R.L. Smith and Company, Realtors.

McDonalds provided Delhi Savings Bank, which held a prior mortgage and other loans against the property, a security interest in their sellers' interest in the real estate sale contract. This security interest was conveyed to the bank by a document entitled Assignment of Equity in Real Estate Contract.

By May 1984, Holmes and the other purchasers had conveyed their buyers' interest in the real estate contract to a third party, Scott Grow. At that time Holmes, then acting as a real estate broker, obtained from Richard Rathje an offer to buy Grow's interest in the property.

Holmes contacted attorney Stephen Jackson to prepare a title opinion on the property on behalf of Rathje. In his title opinion, Jackson erroneously concluded that Delhi Savings Bank, not the McDonalds, was the owner of the legal title to the property. Thereafter, Holmes contacted the bank and his principal, Richard Smith, to arrange for Smith to purchase from the bank its interest in the property and its seller's interest in the real estate contract. The bank informed Holmes of the sum needed to discharge all the debt due the bank from McDonalds with respect to the property. Holmes then retained attorney Jackson to prepare the necessary documents to convey title of the property from the bank to Smiths.

Rathje subsequently purchased the buyer's interest in the real estate contract from Scott Grow.

On May 25, 1984, Holmes presented to Larry Hillers, a vice president of Delhi Savings Bank, a check from R.L. Smith & Co. Realtors payable to the bank for $51,511.22, the amount McDonalds owed the Bank. Holmes also presented for Hiller's signature a release of the notes due the bank by McDonalds on the property, and a warranty deed conveying the property from the bank to Richard and Frances Smith. Prior to signing the documents, Hillers briefly consulted John Bauch, an attorney and officer for the bank, who authorized the transaction. Hillers thereafter executed the documents on behalf of the bank, satisfying the McDonalds' debt to the bank, and transferring title to the property to Smiths.

McDonalds' ownership interests in the property were not investigated by either the bank or the Smiths throughout this process.

On June 20, 1985, McDonalds filed suit against several defendants including the Smiths and Rathje to recover the unpaid balance of the real estate contract, to foreclose the interests of the purchasers and successors in interest in the real estate contract, and to obtain a decree quieting title to the real estate. McDonalds' petition was amended November 20, 1985, to include Delhi Savings Bank as a defendant, and to allege breach of contract and negligence claims against the bank.

On February 6, 1987, McDonalds recast their petition asserting claims only against the bank for breach of contract and negli-

gence. The following month, McDonalds dismissed with prejudice their quiet title action and a consent decree was entered finding Richard and Frances Smith to be the "unqualified owners in fee simple" of the property, subject to the equitable title to the property held by Richard Rathje under the real estate contract.

In its answer to the recast petition, the bank denied it breached its contract with McDonalds, denied liability for negligence, and cross-petitioned against the Smiths and Rathje for contribution. In their answer to the cross-petition, the Smiths denied liability to the McDonalds and by further cross-petition sought damages from the bank in the form of attorney fees incurred in defending their title to the property during the McDonalds' quiet title action.

At trial, the court submitted only McDonalds' breach of contract claim against the bank to the jury. The court also ruled that, because the bank failed to file a timely jury demand, the bank's cross-petition for contribution against Rathje and the Smiths would not be submitted to the jury but would be considered by the court. The jury returned a verdict in favor of McDonalds against the bank on the breach of contract claim.

In its later ruling on the bank's cross-petition for contribution based on the same record as was before the jury, the court found, among other things, that no common liability to the McDonalds existed as between the bank and the Smiths and Rathje. Therefore, the court denied the bank's claim for contribution from Rathje and Smiths. The district court also denied the Smiths' claim for attorney fees from the bank.

The bank appealed from both the judgment entered upon the jury verdict and the judgment denying its contribution claim. The bank subsequently dismissed its appeal involving the McDonalds; therefore, we are only concerned with the bank's contribution claim against the Smiths and Rathje.

Smiths also appealed from the court's denial of their claim for attorney fees from the bank.

II. *Contribution.* The right to contribution rests upon common liability, or liability which is enforceable against each tort-feasor individually. *McIntosh v. Barr*, 397 N.W.2d 516, 517 (Iowa 1986). This rule is preserved in Iowa Code section 668.5(1) (1987) which in part provides: "A right of contribution exists between or among two or more persons who are liable upon the same indivisible claim for the same injury...." *McIntosh*, 397 N.W.2d at 517; *Rees v. Dallas County*, 372 N.W.2d 503, 505 (Iowa 1985). Therefore, as a threshold matter, we must determine whether the bank and the Smiths and Rathje shared a common liability to the McDonalds.

A. *Common liability.* Common liability exists when the injured party has a legally cognizable remedy against both the party seeking contribution and the party from whom contribution is sought. *Shonka v. Campbell*, 260 Iowa 1178, 1182, 152 N.W.2d 242, 245 (1967).

Contribution is not available when the party from whom it is sought has a special defense against an action by the injured party. *Iowa Power & Light Co. v. Abild Constr. Co.*, 259 Iowa 314, 321, 144 N.W.2d 303, 308 (1966). Thus, we have held that an employer's special defense under the worker's compensation act immunizes the employer from contribution to a third party who was responsible for an employee's injuries. *Id.* Similarly, we held that a host-driver's guest statute defense to his passenger's suit precluded the driver's liability for contribution. *Shonka*, 260 Iowa at 1182, 152 N.W.2d at 245. In *Rees v. Dallas County*, 372 N.W.2d 503, 505 (Iowa 1985), we held a dram shop's immunity from suit by its intoxicated patron barred liability for contribution to a third party concerning the patron's injuries. Also, in *McIntosh v. Barr*, 397 N.W.2d 516, 518 (Iowa 1986), it was held that a husband's immunity from a consortium claim by his wife precluded the husband's liability for contribution to a third party who was liable on the wife's consortium claim.

B. *Liability of the Smiths and Rathje to the McDonalds.*

■ 1. *The McDonalds' property claims.* In the present action, McDonalds initially filed an action to foreclose the real estate contract and otherwise quiet title on their land. Included as defendants in this suit were Smiths and Rathje.

McDonalds' claims concerning the real estate were resolved when a consent decree was entered by the district court. As evidenced in this decree, the bank effectively conveyed legal title to the property to the Smiths, extinguishing the McDonalds' interests. The decree established that the Smiths were the fee simple owners of the property and found Richard Rathje was the equitable owner of the property as purchaser under a real estate contract. Thus, McDonalds' claims against the Smiths and Rathje concerning title to the property were finally resolved adverse to the McDonalds. This adjudication constitutes a special defense available to the Smiths and Rathje which now bars any subsequent liability the Smiths or Rathje may have had relative to the McDonalds' property claims. *See Iowa Power & Light Co. v. Abild Constr. Co.*, 259 Iowa 314, 321, 144 N.W.2d 303, 308 (1966).

■ 2. *The McDonalds' other claims.* What the McDonalds had left, following resolution of the quiet title action, were their claims against the bank for breach of contract or other trust violations. They proceeded by their recast petition alleging these claims against the bank alone. McDonalds made no claim against Rathje and the Smiths.

Although claims for breach of contract and for negligence were pleaded by McDonalds against the bank, the trial court instructed the jury on the breach of contract claim only. Neither the bank nor the McDonalds presently appeal this decision or the judgment upon the jury verdict, which found the bank in breach of contract.

As the trial court later concluded in its ruling on the bank's contribution claim, "Any duties that existed between the Bank and the McDonalds, related solely to the loans between them." The court reasoned that because the Smiths and Rathje were not involved in the bank's creditor-debtor relationship with the McDonalds, there existed no duty owed the McDonalds which the Smiths or Rathje could have violated. In short, the McDonalds did not possess a cognizable negligence claim against these parties. On this basis, the trial court found that no common liability existed between the bank and the third-party defendants to McDonalds, and, therefore, the bank was precluded from asserting its claim for contribution against Rathje and the Smiths.

On appeal, the bank claims Smiths and Rathje are liable to it and the McDonalds for negligent misrepresentation. In particular, the bank asserts that the warranty deed that Smiths presented to the bank, and other documents which were prepared by counsel for Smiths and Rathje, erroneously represented that the true owner of the real property was the bank instead of McDonalds.

Even treating the bank's assertions as true, the misrepresentations made to the bank only support a negligence claim against the Smiths and Rathje by the bank, not the McDonalds. *See Reese v. Werts Corp.*, 379 N.W.2d 1, 6 (Iowa 1985) (finding no basis for contribution where breach of duty owed defendant by third-party defendant, was not a breach of duty owed plaintiff). The fact remains that the Smiths and Rathje were under no duty or obligation which was owed the McDonalds. Therefore, there exists no common liability to McDonalds between the bank, on the one hand, and the Smiths and Rathje, on the other.

We agree with the trial court. The bank's claim for contribution must fail because the Smiths and Rathje are not liable to the McDonalds under any claim.

Because we conclude the district court correctly denied the bank's claim for contribution for a legal reason, and the bank's appeal relative to McDonalds' claims has been dismissed, we need not address the bank's other assignments of error concerning its cross-petition.

■ III. *The Smiths' claim for attorney fees.* In their cross-appeal, the Smiths contend that the district court erroneously

denied their claim against the bank for attorney fees which were incurred in defending their title to the property during McDonalds' quiet title action.

The warranty deed which conveyed the property from the bank to the Smiths contained the following provision:

And the grantors do **Hereby Covenant** with the said grantees, and successors in interest, that said grantors hold said real estate by title in fee simple; that they have good and lawful authority to sell and convey the same; that said premises are **Free and Clear of All Liens and Encumbrances Whatsoever** except as may be stated above; and said grantors Covenant to **Warrant and Defend** the said premises against the lawful claims of all persons whomsoever, except as may be above stated.

(Emphasis in original.)

Smiths contend, that under this provision, they were entitled to be indemnified by the bank for their expenses and attorney fees incurred in successfully defending their title in McDonalds' quiet title action. In support of their claim, Smiths cite *Kendall v. Lowther*, 356 N.W.2d 181 (Iowa 1984), and *Turner v. Zip Motors, Inc.*, 245 Iowa 1091, 65 N.W.2d 427 (1954).

Smiths fail to recognize, however, that in regard to recovery of attorney fees, these cases illustrate the exception, not the rule.

In *Kendall*, we stated the general rule that "ordinarily a grantee cannot recover for breach of a covenant of warranty when the grantee has successfully defended the title." *Kendall*, 356 N.W.2d at 190; *see also Woods v. Schmitt*, 439 N.W.2d 855, 866 (Iowa 1989). The covenant to warrant and defend pertains to "lawful claims" against the premises; therefore, it is necessary that a breach of one of the warranties of the deed occur before the grantees are entitled to reimbursement. *First Fiduciary Corp. v. Blanco*, 276 N.W.2d 30, 33–34 (Minn.1979) (citing *Eggers v. Mitchem*, 240 Iowa 1199, 1202, 38 N.W.2d 591, 592 (1949)). As was established by the consent decree, McDonalds had no lawful claim to the property. Because Smiths successfully defended their title, there has been no breach by the bank under the warranties in the deed.

The exception noted in *Kendall* allows the recovery of attorney fees when the grantor's negligence causes the grantees to incur the expense of defending title. *Kendall*, 356 N.W.2d at 190–191. The *Kendall* court found the "exceptional facts" of that case warranted such a recovery. The circumstances in the present action, however, do not warrant a similar finding.

Smiths initiated the transaction in which the bank transferred legal title to the property to them, and at all times Smiths stood on equal if not superior footing to the bank regarding negotiation of this transaction. It was Smiths' counsel who drafted all of the instruments which were used to release the bank's interest in the property and convey title to the Smiths. Further, it was Smiths' counsel who failed to protect them from a potential claim by McDonalds. These circumstances do not support Smiths' claim for attorney fees.

The trial court correctly denied Smiths' claim for attorney fees and expenses against the bank.

IV. *Disposition.* In the bank's appeal, we conclude that no common liability existed between the bank and the Smiths and Rathje to McDonalds; therefore, the trial court correctly denied the bank's claim for contribution against Smiths and Rathje. In Smiths' cross-appeal, we conclude the bank did not breach any covenants contained in the warranty deed and no "exceptional facts" require liability by the bank; therefore, the trial court correctly denied Smiths' claim for attorney fees and expenses incurred in defending their title.

Accordingly, we affirm, taxing costs against the bank and the Smiths equally.

AFFIRMED.