**ALLIED MUTUAL INSURANCE COMPANY, Appellant,**

v.

**STATE of Iowa and Richard Smith, Appellees.**

No. 90–800.

Supreme Court of Iowa.

July 17, 1991.

Gene R. LaSuer and Diane M. Stahle of Davis, Hockenberg, Wine, Brown, Koehn & Shors, P.C., Des Moines, for appellant.

Jeff Jeffries and M. Anne McAtee of Hopkins & Huebner, P.C., Des Moines, for appellees.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

CARTER, Justice.

This is an action by a subrogated liability insurance carrier of one tortfeasor seeking contribution or indemnity from an alleged joint tortfeasor and the joint tortfeasor's employer. The plaintiff is Allied Mutual Insurance Company (Allied) which settled liability claims against its insureds, John Sailor, the driver of a truck that collided with defendant's automobile, and W.A. Speller and M.L. Speller, owners of the truck Sailor was driving. The defendants in the action are the State of Iowa and its employee, R.J. Smith. Smith was the driver of a state-owned motor vehicle that collided with the Sailor–Speller truck. Doris Lund, a state employee who was a passenger in the automobile driven by Smith, was severely injured in the collision.[1]

Lund brought a civil damage action against Sailor and the Spellers. Allied settled these claims on behalf of its insureds and then brought this action for contribution or indemnity against the State and Smith. It also seeks contribution or indemnity for amounts paid to settle the claim of Keith Sallis, a passenger in the Sailor–Speller truck. It is the theory of Allied's claims that Smith was jointly liable with Allied's insureds for the injuries sustained by Lund and Sallis.

The State and Smith each moved for summary judgment. The State based its motion on the ground that Lund's sole and exclusive remedy against it was under the Workers' Compensation Act. The State contended that, because Lund could not bring an action against her employer for damages, there was no common liability towards Lund upon which Allied's claim for contribution could be based. It further contended that it owed no duty directly to

---

1. Another passenger in the state-owned vehicle was killed in the collision. Her claims are not involved in the present litigation.

Allied which would support the latter's claim for indemnity.

Smith based his motion for summary judgment on the ground that Lund was his co-employee and therefore could only recover damages from him if his actions were grossly negligent. He claimed that the motion papers submitted in support of and in resistance to the motion for summary judgment established that he was not grossly negligent as a matter of law. In separate orders, the district court granted both motions for summary judgment and dismissed Allied's claims in their entirety. This appeal followed. Other facts that are material in deciding the appeal will be set forth and discussed in our consideration of the legal issues presented.

### I. *The Contribution Claim Against Smith.*

■ Allied's contribution claim against Smith was based on the ground that he was grossly negligent and thus liable for Lund's injuries along with Allied's insureds. Because Smith and Lund were co-employees, Smith is afforded the protection from liability contained in Iowa Code section 85.20(2) (1989). Consequently, the element of gross negligence on the part of Smith is necessary to establish a common liability which Allied must establish in seeking contribution.

■ Although Allied argues that a genuine issue of material fact existed with respect to the alleged gross negligence of Smith, the motion papers belie this claim. Viewed most favorably to the nonmoving party, the motion papers show that prior to the collision Smith was driving south on Black Hawk County Road V51 and came to the intersection of Iowa Highway 939. He noticed at that time that Highway 939 was under construction and that there were "road closed" signs prohibiting traffic from turning onto that highway in either direction. Smith slowed his vehicle but failed to make a complete stop at the stop sign governing traffic on County Road V51 at this intersection.

After slowing, Smith proceeded into the intersection. Sailor, who was driving a dump truck on the Highway 939 construction project, was at this time passing through the intersection from west to east. He struck the state-owned vehicle on the passenger side. The motion papers indicate that the speed of the truck at this time was approximately forty miles per hour.

We are convinced that there was an insufficient showing of a "conscious failure to avoid the peril" by Smith to establish gross negligence in accordance with the standard set forth in *Thompson v. Bohlken*, 312 N.W.2d 501, 505 (Iowa 1981). The peril to which we refer is the approaching truck. Witness statements included in the motion papers suggest Smith did not see the truck, and the circumstances strongly reenforce this view.

■ Failure to stop at a stop sign or to maintain a proper lookout does not indicate an enhanced state of negligence. *Vipond v. Jergensen*, 260 Iowa 646, 655, 148 N.W.2d 598, 602 (1967). The present case is somewhat similar to *Konz v. Ehly*, 451 N.W.2d 504 (Iowa App.1989), in which summary judgment for the co-employee was upheld in an action growing out of an automobile accident. The district court did not err in granting summary judgment on the contribution claim against Smith growing out of the Lund settlement.

### II. *The Contribution Claim Against the State.*

In seeking to overturn the adverse judgment on its contribution claim against the State, Allied acknowledges that, because a workers' compensation claim was Lund's sole remedy against her employer, the common liability to Lund required for contribution is lacking. It urges us to find, however, that the common liability requirement is unjust or, in the alternative, that it is a violation of equal protection of the law under both state and federal constitutions.

■ We decline to eliminate or modify the common liability criterion for contribution claims. That requirement, originally prescribed as a rule of common law, has now attained statutory recognition. *See Schreier v. Sonderleiter*, 420 N.W.2d 821,

823 (Iowa 1988). It is provided in Iowa Code section 668.5(1) (1989) that "[a] right of contribution exists between or among two or more persons who are liable upon the same indivisible claim for the same injury, death, or harm." It is not necessary, however, that the common liability rest on the same legal theory. *Schreier*, 420 N.W.2d at 824.

It is not our role to alter this legislative determination of the grounds for a contribution claim. We declined to do so in *Rees v. Dallas County*, 372 N.W.2d 503, 505 (Iowa 1985), and *Speck v. Unit Handling Division of Litton Systems, Inc.*, 366 N.W.2d 543, 547–48 (Iowa 1985), both decided after the enactment of section 668.-5(1). We maintain a similar posture in the present litigation.

 Allied's contention that the common liability requirement denies it equal protection of the law is premised on the idea that this rule gives unequal protection to employers who are primarily or vicariously at fault as opposed to other persons whose fault produces tort liability. We believe that there are two flaws in Allied's equal protection claims. First, we have recognized that the equal protection clause is not violated if the challenged law operates equally upon those persons or classes of persons intended to be affected by the legislative or judge-made rule in similar situations. *Train Unlimited Corp. v. Iowa Ry. Fin. Auth.*, 362 N.W.2d 489, 495 (Iowa 1985); *Richards v. City of Muscatine*, 237 N.W.2d 48, 60 (Iowa 1975). To sustain an equal protection challenge on behalf of a claimant, it is necessary to show that the rule being challenged treats different categories of claimants disparately as to the same type of claim. It does not

suffice for this purpose merely to show that alleged tortfeasors against whom claims are being made enjoy a different legal status than other persons would have enjoyed if subjected to similar tort claims. That circumstance reflects differing treatment of tortfeasors rather than of claimants.

Second, it is significant that the common liability requirement is not peculiar to workers' compensation situations. It applies to an unlimited variety of liability claims in which workers' compensation is not involved.[2] The court did not err in denying Allied's contribution claim against the State as a result of the Lund settlement.

### III. *Allied's Indemnity Claim Against the State.*

 Allied does not challenge the dismissal of its indemnity claim against Smith. It does challenge the dismissal of its indemnity claim against the State. It posits this challenge on the contention that the owners' liability statute, Iowa Code § 321.493 (1989), imposes an independent statutory duty on the State toward Allied's insureds.[3]

We reject Allied's contention. The duty the State owed to Allied's insureds under section 321.493 can rise no higher than Smith's duty to those persons. Smith's duty was only the general duty "not to cause injury to another by one's negligent act." We have previously rejected the contention that this general duty can give rise to an action for indemnity on the part of a person who is legally liable for the payment of damages for which indemnity is being sought. *Iowa Power & Light Co. v. Abild Constr. Co.*, 259 Iowa 314, 326, 144 N.W.2d 303, 310 (1966).

---

**2.** Examples of other types of special defenses that have precluded common liability for contribution purposes are found in *McDonald v. Delhi Sav. Bank*, 440 N.W.2d 839, 842 (Iowa 1989) (special defense to real property dispute under prior consent decree); *Rees v. Dallas County*, 372 N.W.2d 503, 505 (Iowa 1985) (dram operator's defense to patron's suit); *Telegraph Herald, Inc. v. McDowell*, 397 N.W.2d 518, 520 (Iowa 1986) (interfamilial immunity of son to suit by father); *McIntosh v. Barr*, 397 N.W.2d 516, 517–18 (Iowa 1986) (spousal immunity from consor-

tium action by deprived spouse); and *Shonka v. Campbell*, 260 Iowa 1178, 1182, 152 N.W.2d 242, 244 (1967) (driver's defense to guest passenger's suit).

**3.** Section 321.493 provides, in part, that "[i]n all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the motor vehicle should be liable for such damages."

Allied attempts to enhance the State's duty under section 321.493 for indemnity purposes by referring to language in the *Abild* case, indicating that indemnity may be permitted in situations involving a "vicarious liability." *Id.* at 322–23, 144 N.W.2d at 308. We believe that this language made reference to situations in which the party seeking indemnity was vicariously liable to the injured party on account of acts of the party against whom indemnity was being sought. This is not the situation between Allied and the State in the present case. The district court did not err in dismissing Allied's indemnity claims against the State.

IV. *Claims Based on the Sallis Settlement.*

For some reason not articulated in its order, the district court also granted summary judgment in favor of both Smith and the State as to that portion of Allied's claim arising from its settlement of the Sallis claim. Sallis was a passenger in the Sailor–Speller truck and was not an employee of the State.

While we believe our holding in Division III precludes any claim for indemnity as to the Sallis settlement, nothing in the summary judgment motion supported the dismissal of Allied's contribution claims against either Smith or the State based on sums paid to Sallis. This portion of the judgment must be reversed.

We have considered all grounds argued and affirm the decision of the district court in all respects except its dismissal of Allied's contribution claim against Smith and the State based on the Sallis settlement. As to the latter claim, the judgment is reversed, and the case is remanded to the district court for further proceedings.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.