Donna K. JOHNSON, Douglas Johnson, Michelle Richards, Kirk Johnson, and Jolene Johnson, Appellants,

v.

Stephanie A. FARMER and Des Moines Area Community College, Appellees.

No. 94–1162.

Supreme Court of Iowa.

Sept. 20, 1995.

Brent B. Green and Scott P. Duncan of Duncan, Green, Brown, Langeness & Eckley, Des Moines, for appellants.

Frank A. Comito of Frank A. Comito, P.C., Des Moines, for appellee Stephanie A. Farmer.

Thomas J. Logan of Hopkins & Huebner, P.C., Des Moines, for appellee Des Moines Area Community College.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

CARTER, Justice.

The issues on this appeal are (1) whether the personal injury claim of plaintiff Donna K. Johnson (Donna) and the loss-of-consortium claims of her husband and children against defendant Des Moines Area Community College (DMACC) are precluded by the exclusive-remedy provisions of the workers' compensation laws, and (2) whether the claims of the same plaintiffs against defen-dant Stephanie A. Farmer were properly adjudged as unsubstantiated gross negligence claims against a coemployee.

At the time of the motor vehicle mishap on which her claims are based, Donna was an employee of DMACC. She was a coemployee of Stephanie A. Farmer. Plaintiffs urge, however, that the single-vehicle accident in which Donna was injured did not occur in the course of her employment. The district court concluded otherwise and applied the exclusive-remedy clause of Iowa Code section 85.20 (1991) to defeat the claims of all plaintiffs against DMACC. On the claims against Stephanie Farmer, the district court granted summary judgment in her favor on the basis that there was no genuine issue of material fact as to the absence of gross negligence required to be shown under section 85.20. After reviewing the record and considering the arguments of the parties, we affirm the judgment of the district court.

Donna, at all times material to the dispute, was both an adjunct instructor of nursing and a testing evaluator for DMACC. For nursing instruction, she was paid a fixed sum of money for each course taught. For testing evaluation, she was paid an hourly wage. Donna performed testing evaluations at DMACC campuses in Ankeny, Boone, and Carroll. On the morning of December 7, 1991, she drove to Ankeny from her home in Woodbine. There, she met her supervisor, Stephanie Farmer, at DMACC's Ankeny campus. Donna and Farmer left Ankeny about 6:30 a.m. in a DMACC vehicle for purposes of conducting testing evaluations at the Carroll campus. According to the record evidence there was white frost on the trees and roadway at this time.

Approximately one-half hour after leaving Ankeny, the DMACC vehicle, operated by Farmer, slid off Highway 141 near Perry and struck a power pole. Donna sustained bodily injuries from this occurrence. Ultimately, DMACC determined that Donna was eligible for workers' compensation benefits. Checks for such benefits were delivered to Donna and cashed by her.

Donna, together with her husband and children, later filed the present action.

Plaintiffs' claim against DMACC was adversely decided following an evidentiary hearing under Iowa Rule of Civil Procedure 103. Plaintiffs' claim against Farmer was adversely decided on the latter's motion for summary judgment, which relied on that defendant's coemployee status and asserted the absence of gross negligence as a matter of law.

### I. The Claims Against DMACC.

■ The district court conducted an evidentiary hearing on the exclusivity of the workers' compensation remedy against DMACC. We have characterized this issue as involving subject matter jurisdiction. *Tigges v. City of Ames*, 356 N.W.2d 503, 511–12 (Iowa 1984); *Steffens v. Proehl*, 171 N.W.2d 297, 300 (Iowa 1969). Since the abolition of the special appearance in 1987, this procedure is governed by rule 103 and rule 104(a) of the Iowa Rules of Civil Procedure. *See Moyer v. City of Des Moines*, 505 N.W.2d 191, 193 (Iowa 1993). Proof of facts in such motions is by such means as the court directs. Iowa R.Civ.P. 116. In the present case, the issue was decided on a record consisting of both oral testimony and depositions. A district court's findings of fact on a hearing conducted under rule 103 are binding on a reviewing court if supported by substantial evidence in the record. *See Tigges*, 356 N.W.2d at 512.

■ DMACC asserted that Donna's receipt of workers' compensation benefits was an election of remedies that precludes her from maintaining the present action. Donna asserted that the workers' compensation benefits were voluntarily paid without any application on her part. She further notes that the insurance carrier which paid those benefits also insured the tort liability, if any, of DMACC. In addition, Donna asserts that she was unaware of the legal consequences that attended the acceptance of workers' compensation benefits. In *Bolinger v. Kiburz*, 270 N.W.2d 603, 607 (Iowa 1978), which also involved the receipt of workers' compensation benefits, we held that, in order to invoke the doctrine of election of remedies, the party sought to be bound must have acted with full knowledge of both the law and the facts. The district court made no findings of fact necessary to decide the election-of-remedies issue. It considered the issue of whether Donna's injuries were incurred in the course of her employment on the merits and found that they had been. We review the district court's decision on the same theory that was applied by that court.

Donna contends that an injury occurring off the employer's premises while on the way to work is not incurred in the course of employment. She seeks to buttress this claim by asserting that her hourly compensation did not include time traveling to another DMACC campus. We observed in *Frost v. SS Kresge Co.*, 299 N.W.2d 646 (Iowa 1980), that

> [t]he general rule is that, absent special circumstances, an employee is not entitled to compensation for injuries occurring off the employer's premises on the way to and from work.

*Id.* at 648. We recognized in *Frost*, however, that there are exceptions to the off-premises doctrine when the employer exercises some degree of control over the area or situation in which the injury occurs. *Id.* at 650.

■ A leading expert in the field of workers' compensation law has expressed the view that, when an injury occurs while a worker is being transported to an intended place of employment in a vehicle owned by the employer, the latter's control over that situation makes the vehicle an extension of the work place. 1 Arthur Larson, *Larson's Workmens' Compensation Law* § 17.00, at 4–209 (1995). We believe that this principle holds true irrespective of how the employee's compensation is measured. It is particularly true where, as here, a supervisory employee of the injured person's employer is, on the employer's behalf, directing the route and operation of the vehicle.

■ This court in *Steffens*, 171 N.W.2d at 300–01, found that an injury occurred within the course of employment when the injured person was being driven by his foreman in the employer's truck to a site where the injured worker and his foreman were to perform measurements necessary for work to be commenced at a later time. Neither the

foreman nor the injured worker were to be compensated for the travel or the measuring activities. By analogy, we conclude that the district court's finding in the present case that Donna was injured in the course of her employment was correct.

## II. *The Claims Against Stephanie A. Farmer.*

Plaintiffs also challenge the order granting summary judgment on their claims against Donna's coemployee, Stephanie A. Farmer. They contend that there are genuine issues of material fact concerning whether Farmer was grossly negligent in causing Donna's injuries. We disagree.

Plaintiffs urge that the district court failed to recognize that the "actual knowledge of peril" requirement laid down in *Walker v. Mlakar,* 489 N.W.2d 401, 405 (Iowa 1992), may be shown by circumstantial evidence. In the *Walker* case, we recognized that the requirements of actual knowledge of the peril may be shown by circumstantial evidence but concluded that the circumstantial evidence in that case was not sufficient to show actual knowledge. *Id.* at 406. We are convinced that plaintiffs' proof in the present case is similarly deficient. The only knowledge that Farmer had of the road conditions came from encountering those conditions as she drove over the highway from Ankeny to Perry. Prior to the accident, she had driven for nearly thirty minutes with no indication that there was any difficulty in controlling the vehicle. The evidence indicated that Farmer was driving at approximately fifty-five miles per hour. Although an officer of the Iowa State Patrol testified that forty miles per hour would have been a more prudent speed for the road conditions that Farmer confronted, that testimony would only permit but not compel a finding of negligence on Farmer's part. It falls considerably short of meeting the test for gross negligence laid down in *Thompson v. Bohlken,* 312 N.W.2d 501, 505 (Iowa 1981). There, we indicated that gross negligence contemplates an actual realization of imminent danger, coupled with a reckless disregard or lack of concern for the probable consequences of the act. *Id.* There is no evidence in the present record, direct or circumstantial, tending to show the requisite realization of danger and reckless lack of concern on Farmer's part. We have previously approved the determination of the gross negligence issues by a motion for summary judgment. *See Allied Mut. Ins. Co. v. State,* 473 N.W.2d 24, 26 (Iowa 1991). We are convinced that the issue was correctly determined by the district court's ruling on the summary judgment motion in the present case.

## III. *Exclusive Remedy Bar to Loss-of-Consortium Claims.*

As a final issue, we must consider the claims of Donna's husband and children that their loss-of-consortium claims are not subject to the exclusive-remedy provisions of section 85.20. We are unable to accept that contention. As the district court noted in its decision dismissing the loss-of-consortium claims, section 85.20 expressly provides that the workers' compensation remedies "shall be the exclusive and only rights and remedies of such employee, the employee's personal or legal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury." The exclusive remedy provisions of section 85.20 serve to preclude the loss-of-consortium claims as well as Donna's bodily injury claim.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**