# IN THE COURT OF APPEALS OF IOWA

No. 14-0537
Filed November 26, 2014

**MICHAEL HAUT,**
　　　　Plaintiff-Appellant,

**vs.**

**TERRY J. FRAZER,**
　　　　Defendant-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.

Michael Haut appeals from the district court's summary judgment ruling in favor of Terry Frazer, concluding Haut's common law contribution claim was abrogated by Iowa Code section 668.5 (2011). **AFFIRMED.**

Rand S. Wonio of Lane & Waterman L.L.P., Davenport, for appellant.

Clark I. Mitchell of Grefe & Sidney, P.L.C., Des Moines, and Jeffrey D. Bert of Brooks Law Firm, P.C., Rock Island, Illinois, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

Michael Haut appeals from the district court's summary judgment ruling in favor of Terry Frazer, concluding Haut's common law contribution claim was abrogated by Iowa Code section 668.5 (2011).

On April 20, 2011, Pamela Poll was working at Terry Frazer's RV Center, Inc., of which Frazer was the president and Haut was the sales manager. Poll was injured when Haut allowed his dog to play with Frazer's dog in the showroom—the dogs ran into Poll, who fell and broke her leg. Poll filed a workers' compensation claim and was awarded benefits.

Poll then filed a personal injury action against Haut. Frazer was not a party to this action. Haut's attempt to establish immunity from suit under workers' compensation provisions was unsuccessful. Thereafter, Haut entered into a settlement agreement with Poll, which did not extinguish or remove any liability of Frazer.

Haut filed this action for contribution against Frazer, alleging Frazer was negligent in permitting the dogs to play on the premises. Frazer filed a motion for summary judgment, asserting Haut was not entitled to contribution because Haut had failed to discharge the liability of Frazer, or in the alternative, there is no common liability to Poll. Haut resisted, claiming his common law right to contribution was unaffected by the comparative fault act. The district court rejected that claim, as do we.

"Contribution is an equitable remedy requiring joint tortfeasors liable to an injured third party to share the burden of damages." *Schreier v. Sonderleiter*, 420 N.W.2d 821, 823 (Iowa 1988). "Iowa first recognized the cause of action,

premised on common liability for nonintentional acts, in *Best v. Yerkes*, 77 N.W.2d 23, 29 (1956). *The remedy is now codified in Iowa's comparative fault act.*" *Id.* (emphasis added); *see also Allied Mutual Ins. Co. v. State*, 473 N.W.2d 24, 27 (Iowa 1991) ("It is not our role to alter this legislative determination of the grounds for a contribution claim.").

Iowa Code section 668.5 provides in pertinent part:

> 1. A right of contribution exists between or among two or more persons who are liable upon the same indivisible claim for the same injury, death, or harm, whether or not judgment has been recovered against all or any of them. It may be enforced either in the original action or by a separate action brought for that purpose. The basis for contribution is each person's equitable share of the obligations, including the share of fault of a claimant, as determined in accordance with section 668.3.
> 2. *Contribution is available to a person who enters into a settlement* with the claimant *only if the liability of the person against whom contribution is sought has been extinguished and only* to the extent that the amount paid in settlement was reasonable.

(Emphasis added.)

Our supreme court has addressed the plain language of the provision:

> Our comparative fault statutes provide guidelines for contribution *between tortfeasors*. Contribution is permitted between two persons who are liable upon the same indivisible claim for the same harm. Iowa Code § 668.5(1). The right of contribution is available to a person who settles with a claimant "only if the liability of the person against whom contribution is sought has been extinguished and only to the extent that the amount paid in settlement was reasonable." *Id.* § 668.5(2). Percentages of fault may be established by a separate action. *Id.* § 668.6(2). If contribution is sought in a case where judgment has not been rendered, it is enforceable upon the condition that "the person bringing the action for contribution must have discharged the liability of the person from whom contribution is sought by payment made within the period of the statute of limitations applicable to the claimant's right of action . . . ." *Id.* § 668.6(3).
> *In applying these statutes, it is clear that the plaintiff seeking contribution must establish that the defendant's liability to the injured parties has been discharged.*

4

*Aid Ins. Co. v. Davis Cnty.*, 426 N.W.2d 631, 632 (Iowa 1988) (emphasis added).

The summary judgment record clearly establishes that Haut contends Frazer has liability as a joint tortfeasor. Because Haut seeks contribution he "must establish that [Frazer's] liability to [Poll] has been discharged." *See id.* Haut has not established that Frazer's liability to Poll has been discharged or extinguished by Haut's settlement with Poll, and Haut's attempts to evade the statutory provision are unavailing. The district court did not err in granting summary judgment to Frazer because Haut was not entitled to contribution.

**AFFIRMED.**