Michele L. GRANDSTAFF, Individually and as Administrator of the Estate of Daniel J. Walsh, Deceased, and Winona K. (Walsh) McGraw, an individual, Plaintiffs,

v.

HINER EQUIPMENT, L.L.C., a/k/a Hiner Transport, L.L.C., a/k/a Hiner Transport, Inc., a/k/a Hiner Logistics, L.L.C., a Corporation; Herbert A. Terrell, an individual; Howe Freightways, Inc., a Corporation; Estate of James F. Langholf, by and through its Duly-Appointed Administrator Julie K. Langholf; Travelers Home and Marine Insurance Company, a Corporation; and State Farm Insurance Companies a/k/a State Farm Mutual Automobile Insurance Company, Defendants.

Rick Inman and Diana Picken, Plaintiffs,

v.

Howe Freightways, Inc., Individually and through the acts or omissions of its Agent and/or Employee, James Langholf, deceased; Julie K. Langholf, as Independent Administrator of the Estate of James Langholf, Deceased, Individually and as an Agent and/or Employee of Howe Freightways, Inc.; Hiner Equipment, LLC, Individually and through the acts or omissions of its Agent and/or Employee, Herbert Terrell, Deceased; Hiner Transort, LLC a/k/a Hiner Transport, Inc., Individually, and through the acts or omissions of its Agent and/or Employee, Herbert Terrell, Deceased; Hiner Logistics, LLC, Individually, and through the acts or omissions of its Agent and/or Employee, Herbert Terrell, Deceased; and The Trailer Source, Inc., Individually, and through the acts or omissions of its Agent and/or Employee, Herbert Terrell, Deceased, Defendants.

Howe Freightways, Inc. and James Langholf, Deceased, by and through Julie Langholf, as Independent Administrator of the Estate of James Langholf, Third–Party Plaintiffs,

v.

Hanifen Company, Inc., Third–Party Defendant.

Hiner Equipment LLC, Hiner Transport LLC, and Hiner Logistics LLC, Third–Party Plaintiffs,

v.

Hanifen Company, Inc., Third–Party Defendant.

No. 4:13–cv–00390–JEG

United States District Court, S.D. Iowa, Central Division.

Signed April 15, 2015

Alan O. Olson, Olson Law Office PC, Des Moines, IA, Robert G. Rehkemper, Gourley Rehkemper & Lindholm PLC, West Des Moines, IA, for Plaintiffs.

Lauren M. Penn, Thomas M. Crawford, Philip F. Cuevas, Litchfield Cavo LLP, Chicago, IL, for Defendants.

## ORDER

JAMES E. GRITZNER, Senior Judge, U.S. DISTRICT COURT

This matter comes before the Court on Motions to Dismiss Third–Party Complaints by Third–Party Defendant Hanifen Company, Inc., ECF Nos. 81 and 89. Defendants/Third–Party Plaintiffs Hiner Equipment LLC, Hiner Transport LLC, Hiner Logistics LLC, Howe Freightways, Inc., and James Langholf, by and through Julie Langholf as administrator of Estate of James Langholf, resist. A hearing on the Motions was held on February 25, 2015. Hanifen Company, Inc. was represented by Patrick Woodward; Howe Freightways, Inc. and Langholf were represented by attorneys Michael Weston and Hillary Weigle; and Hiner Equipment LLC, Hiner Transport LLC, and Hiner Logistics LLC were represented by attorney Thomas Crawford. The Motion is fully submitted and ready for disposition.

## I. BACKGROUND

This case arises out of a fatal semi-truck crash on Interstate 80 that claimed the lives of Daniel Walsh and Jesse Inman. Walsh and Inman were employed as heavy-duty truckers by Hanifen Company, Inc. (Hanifen). On September 13, 2011, Walsh and Inman, while in the course of their employment and operating vehicles owned by Hanifen, responded to a request for roadside assistance by James Langholf, an employee of Howe Freightways, Inc. (Howe). While Walsh and Inman were

providing assistance to Langholf, a semi-truck driven by Herbert Terrell (Terrell), an employee of Hiner, struck and killed Walsh, Inman, and Langholf.

Plaintiffs Michele Grandstaff, individually and as administrator of the Estate of Daniel Walsh, and Winona (Walsh) McGraw (collectively, Grandstaff/Walsh) filed suit in this Court on September 12, 2013, alleging claims for negligent wrongful death against Hiner, Terrell, Howe, and Langholf.[1] Michelle Grandstaff and Winona Walsh are respectfully the wife and daughter of Daniel Walsh.

Plaintiffs Rick Inman and Diana Picken (Inman/Picken), parents of Jesse Inman, filed a petition in the Iowa District Court for Poweshiek County on September 12, 2013. The case was removed to this Court pursuant to diversity jurisdiction on October 8, 2013. Inman/Picken allege claims for wrongful death/loss of consortium against Howe, Langholf, and Hiner. Upon agreement by the parties, the Grandstaff/Walsh and Inman/Picken suits were consolidated on January 22, 2014, by Magistrate Judge Ross A. Walters.

Defendants Howe and Langholf filed a Third–Party Complaint against Hanifen on September 5, 2014. Howe and Langholf amended their complaint on October 9, 2014, ECF No. 75. Defendant Hiner filed two Third–Party Complaints against Hanifen on October 9, 2014; one relating to the petition filed by Inman/Picken, ECF No. 76, and the other relating to the lead case filed by Grandstaff/Walsh, ECF No. 77. Hiner has since voluntarily dismissed its Third–Party Complaint relating to the Grandstaff/Walsh case and Howe and Langholf have since dismissed a portion of their Third Party Complaint relating to the Grandstaff/Walsh case. *See* ECF Nos. 102, 103, & 105.

Howe, Langholf, and Hiner (collectively, Third–Party Plaintiffs) allege they are entitled to contribution against Hanifen pursuant to Iowa Code § 668.5 for damages awarded to Inman/Picken in excess of their pro-rata share of liability and in an amount commensurate with the culpability of Hanifen. The Third–Party Complaints allege that the vehicle Inman operated at the time of the accident was owned, maintained, inspected, and controlled by Hanifen. It is alleged that Hanifen owed a duty to Inman to exercise reasonable care in the operation, inspection, maintenance, repair, control, ownership, and/or guidance of its motor vehicles to prevent injury and damages from occurring to Inman and others. Third–Party Plaintiffs allege that Hanifen, by and through its agents and employees, breached its duties and contributed to or proximately caused the accident. Third–Party Plaintiffs allege Hanifen negligently failed to equip and activate required warning signals and lights, and failed to properly inspect, supervise, train, and oversee its employees.

On October 20, 2014, Hanifen filed a Motion to Dismiss Howe and Langholf's Third–Party Complaint. ECF No. 81. On November 10, 2014, Hanifen filed a Motion to Dismiss Hiner's Third–Party Complaints. ECF No. 89. Both Motions present essentially the same arguments and seek the same relief and will therefore be considered collectively.

## II. DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell*

---

1. The suit also named The Trailer Source Leasing, LLC, who has since been dismissed, and Travelers Home & Marine Insurance Company and State Farm Mutual Automobile Insurance Company, which were severed for separate trials. ECF Nos. 35, 49, & 62.

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must "accept[ ] as true all factual allegations in the complaint and draw[ ] all reasonable inferences in favor of the nonmoving party." *Simes v. Ark. Judicial Discipline & Disability Comm'n*, 734 F.3d 830, 834 (8th Cir.2013) (quoting *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir.2012) (per curium)).

■■■ Third–Party Plaintiffs seek a right of contribution against Hanifen pursuant to Iowa Code § 668.5. Section 668.5(1) controls a party's right to contribution, providing that "[a] right of contribution exists between or among two or more persons who are liable upon the same indivisible claim for the same injury, death, or harm, whether or not judgment has been recovered against all or any of them." Iowa Code § 668.5(1). Iowa courts "have construed section 668.5(1) to require the party seeking contribution to have 'common liability' with the contributor." *Estate of Ryan v. Heritage Trails Assocs., Inc.*, 745 N.W.2d 724, 730 (Iowa 2008). "Common liability exists when the injured party has a legally cognizable remedy against both the party seeking contribution and the party from whom contribution is sought." *McDonald v. Delhi Sav. Bank*, 440 N.W.2d 839, 841 (Iowa 1989). "It is not necessary, however, that the common liability rest on the same legal theory." *Allied Mut. Ins. Co. v. State*, 473 N.W.2d 24, 27 (Iowa 1991). Accordingly, for common liability to exist in this case Third–Party Plaintiffs must show that Plaintiffs Inman/Picken could have sued Hanifen directly for damages arising from the accident.

■■■ "Contribution is not available when the party from whom it is sought has a special defense against an action by the injured party." *McDonald*, 440 N.W.2d at 841(citing *Iowa Power & Light Co. v. Abild Constr. Co.*, 259 Iowa 314, 144 N.W.2d 303, 308 (1966)). Hanifen maintains that the Iowa Workers' Compensation Act provides a special defense against Plaintiffs that breaks common liability. Iowa Code § 85.20 provides:

> The rights and remedies provided in this chapter, ... shall be the exclusive and only rights and remedies of the employee ..., the employee's ... personal or legal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury ... against any of the following:
>
> 1. Against the employee's employer.

In other words, "the rights and remedies of an injured employee against the employer, under chapter 85, are exclusive of all other rights and remedies of such employee against his employer." *Price v. King*, 259 Iowa 921, 146 N.W.2d 328, 331 (1966).

Iowa courts have long recognized that the Iowa Workers' Compensation Act provides a special defense to the right of contribution by a third-party tortfeasor. *Abild*, 144 N.W.2d at 306; *see* 15 Ia. Prac., Workers' Compensation § 8:5 ("When an injured employee sues a third party for its fault in causing the injuries, the third party has no right of action against the employer for contribution based on the employer's negligence or a theory of strict liability."). The Iowa Supreme Court has reasoned that "since common liability forms the basis for recovery in a claim for equitable contribution between joint tortfeasors and the employer's liability by virtue of the Iowa Workers' Compensation Act is statutorily limited and not dependent on negligence, no common liability exists between an employer and a third party tortfeasor allowing contribution."

*Thompson v. Stearns Chem. Corp.,* 345 N.W.2d 131, 132 (Iowa 1984) (citing *Abild,* 144 N.W.2d at 319); *see Otterberg v. Farm Bureau Mut. Ins. Co.,* 696 N.W.2d 24, 30 (Iowa 2005) (Iowa's workers' compensation system "supplants the common law, and [courts] no longer recognize a cause of action for negligence by an employee against the employer."); *McDonald,* 440 N.W.2d at 841 ("[A]n employer's special defense under the worker's compensation act immunizes the employer from contribution to a third party who was responsible for an employee's injuries."); *see also Hysell v. Iowa Pub. Serv. Co.,* 534 F.2d 775 (8th Cir.1976) (applying Iowa law, stating, "[s]ince the claims of the [employee] against [the employer] are subject to the exclusive remedy of Section 85.20 of the Iowa Workmen's Compensation Act, [the employer] has no liability common with that of [the third-party tortfeasor].").

█ It is undisputed that Daniel Walsh and Jesse Inman were employed by Hanifen at the time of the accident and that they were fatally killed during the course of their employment with Hanifen. Therefore, claims against Hanifen for injuries arising out of the accident brought by Jesse Inman and Daniel Walsh's personal or legal representatives, dependents, or next of kin are explicitly barred by Iowa's Workers' Compensation Act, Iowa Code § 85.20.

Third–Party Plaintiffs argue that common liability exists because Inman/Picken, as parents of their adult child Jesse Inman, are not barred by the Iowa Workers' Compensation Act from bringing suit against Hanifen for parental loss of consortium because Inman/Picken have no remedy under the Act for the death of their adult child. Iowa Code § 85.31 provides for payments of workers compensation benefits only to dependents of the employee, including the surviving spouse, children, and parents of a minor employee who were wholly dependent upon the earnings of the minor employee. *See Iowa Erosion Control, Inc. v. Sanchez,* 599 N.W.2d 711, 713 (Iowa 1999) (noting that "a parent may be dependent on a child, and entitled to workers' compensation benefits following a work-related death, has long been the law in Iowa"). Third–Party Plaintiffs argue that Inman/Picken's only avenue for relief is through Iowa Code § 613.15A, which provides that "[a] parent or the parents ... may recover for the expense and actual loss of services, companionship, and society resulting from the death of an adult child."

The Iowa Supreme Court has held that "the exclusive-remedy provisions of the workers' compensation act apply to consortium claims by spouses and children who are beneficiaries thereunder even though they are not actually entitled to workers' compensation benefits in the particular case." *Garien v. Schneider,* 546 N.W.2d 606, 609 (Iowa 1996) (citing *Johnson v. Farmer,* 537 N.W.2d 770, 773 (Iowa 1995)). In *Johnson v. Farmer,* an injured employee's husband and children brought claims for loss of consortium against the employer after the employee was injured in a car accident during the course of her employment. 537 N.W.2d at 771–71, 773. The Iowa Supreme Court held that the "exclusive remedy provisions of section 85.20 serve to preclude the loss-of-consortium claims" brought by the employee's husband and children. *Id.* at 773. Although the spouse and children of the injured employee were not entitled to benefits under the Act, the spouse and children were dependents and therefore subject to the exclusive remedy provision.

In an unpublished opinion, the Iowa Court of Appeals addressed loss of consortium claims brought by individuals who were unable to recover under the Act, but were not explicitly excluded from bringing loss of consortium claims against the em-

ployer through the exclusive remedy provision. *Estate of Brehm v. Dubuque Cmty. Sch. Dist.*, No. 12–0176, 822 N.W.2d 745, 2012 WL 4513855 (Iowa Ct.App. Oct. 3, 2012) (unpublished table decision). In *Brehm*, the estate of an employee killed during the course of employment argued that the workers' compensation scheme was inadequate because it did not provide for loss of consortium damages for the employee's adult children. *Id.* at *7. The estate argued the Act only provided relief for minor children of the employee, and the employee's adult children could only seek damages through loss of consortium pursuant to Iowa Code § 613.15. *Id.* Like Inman/Picken, the employee's adult children in *Brehm* were neither entitled to benefits under the Act, nor were they explicitly excluded from asserting a claim against the employer under exclusive remedy provision. The court, citing *Johnson*, rejected the estate's claim and held that the relief sought by the adult children fell exclusively within the rights and remedies of the Workers' Compensation Act. *Id.*

In fealty to the broad and essential purpose of the Iowa Workers' Compensation Act's exclusive remedy provision[2] and the instruction from the state court decisions of *Johnson* and *Brehm*, the Court finds that Third–Party Plaintiffs cannot maintain their Third–Party Complaints for contribution against Hanifen. The fact that Inman/Picken, as parents of Jesse Inman, are unable to recover under the Workers' Compensation Act does not permit them to bring a claim under Iowa's loss of consortium statute for an injury covered by the Act. *See Brehm*, 2012 WL 4513855 at *7. The Iowa Workers' Compensation Act is intended to provide complete immunity for an employer against claims arising from an injury or death of an employee that occurred during the course of employment. *See* 15 Ia. Prac., Workers' Compensation §§ 8:1–2 (The Iowa Workers' Compensation Act exclusivity provision provides "when an employee is injured and entitled to workers' compensation benefits, the employer is immune from other liability for that injury.... The employer enjoys almost total immunity from common liability for injuries to an employee who is entitled to workers' compensation benefits" (footnotes omitted)). As the Iowa Court of Appeals held in *Brehm*, the Act is an exclusive remedy for an employee injured or killed in the course of employment and family members of an injured or deceased employee who are not able to directly recover under the Act are precluded from bringing loss of consortium claims against the employer.[3] *Brehm*, 2012 WL 4513855,

---

2. *See, e.g., Ganske v. Spahn & Rose Lumber Co.*, 580 N.W.2d 812, 815–16 (Iowa 1998) ("The theory of workers' compensation is that workers and employers, as groups and not as individuals, are deemed to relinquish certain of their common-law rights in exchange for a limited, relatively certain recovery under workers' compensation.")

3. In *St. Germaine v. Pendergast*, 411 Mass. 615, 584 N.E.2d 611 (1992), the Supreme Judicial Court of Massachusetts addressed whether the parents of an injured employee were barred by the state's workers' compensation act from bringing loss of consortium claims against the employer. Unlike Iowa's provision, the Massachusetts exclusive remedy provision explicitly barred "parents and any other members of the employee's family" from bringing claims against the employer. 584 N.E.2d at 624–25; *see* Mass. Gen. Laws ch. 152, § 24. The court was thus faced with the question of whether the state's loss of consortium statute repealed a portion of the exclusive remedy provision. *Id.* at 625–27. Based on the state's statutory scheme and the legislative intent behind the loss of consortium statute, the court held that the parents were unable to bring a loss of consortium claim against the employer because the exclusive remedy provision of the Massachusetts workers' compensation act barred such claims. *Id.* at 627. The court held that "spouses, children and parents are equally entitled to bring loss of consortium claims, and those claims are equally barred where the

at *7. Because there is no common liability between Third–Party Plaintiffs and Hanifen, the Court must dismiss the Third–Party Complaints for right of contribution.

## II.  CONCLUSION

For the reasons stated, Hanifen's Motions to Dismiss, ECF Nos. 81 & 89, must be **GRANTED**. Howe and Langholf's Third Party Complaint, ECF No. 75, and Hiner's Third Party Complaint, ECF No. 76, are therefore **DISMISSED**.

**IT IS SO ORDERED.**

injury is compensable under [workers' compensation]." *Id.* Although Massachusetts courts have interpreted their state's exclusive remedy provision to expressly prohibit parents from asserting loss of consortium claims against the employee, the Court finds this case persuasive in finding that workers' compensation schemes are intended to bar all claims against the employer for damages stemming from an injury suffered by the employee.